LORENZO D. GAGE AND OTHERS, RESPONDENTS, *v.* ALFRED DENBOW, APPELLANT, IMPLEADED, ETC.

*What acts constitute a contempt of an injunction — knowledge of its issuing is equivalent to personal service of the injunction.*

The defendant in an action, against whom an injunction has been granted, of which he has been fully advised, and who has done acts in violation thereof, not in ignorance of the provisions of the injunction, but upon the assumption that such acts could be safely done notwithstanding it, is liable to punishment for contempt.

The rule in proceedings for contempt is analogous to that in prosecutions for crime, and the intent required to be proved is not an intent to violate the law or the order of the court, but to do the act which the law or the order of the court forbids.

*Semble,* that knowledge of the issuing and of the provisions of an injunction is equivalent to a personal service of the injunction order.

APPEAL from an order made at the Monroe Special Term and entered in Ontario county, adjudging the defendant guilty of contempt, and imposing a fine.

*H. M. Field*, for the appellant.

*J. H. Metcalf*, for the respondents.

DWIGHT, J.:

The alleged contempt consisted of the violation of an injunction, first granted by preliminary order of Mr. Justice SMITH, made in this action June 11, 1887, and continued by the judgment, herein directed by the same judge, after trial of the action on the merits.

The preliminary injunction forbade the defendants, and each of them, until the further order of the court, to take any steps to foreclose a certain chattel mortgage made by the defendant Boswell to the defendant Shay, or to collect, by virtue of said chattel mortgage, any alleged claim due or owing to them from the mortgaged property.

The judgment, entered December 5, 1887, in terms continued and made permanent the injunction order above described, of June eleventh.

The violation of the injunction consisted in the commencement of an action, December 16, 1887, in which three of the defendants herein, including the defendant Denbow, and constituting the firm of McKechnie & Co., were alone plaintiffs, and the defendant Boswell was sole defendant, for the foreclosure of the chattel mortgage mentioned in the injunction order; and, also, in the procurement of the warrant of attachment in such action provided for by section 1737 of the Code of Civil Procedure

The complaint in the action of foreclosure, and the affidavit for the warrant of attachment, were both verified by the defendant Denbow.

These acts were directly in violation of the injunction contained in the preliminary order, and in the judgment which made that order permanent. The only question being whether the defendant Denbow had become amenable to that injunction, either by due service of the order or judgment, or by knowledge on his part of the existence of either and of the provisions of the restraining clause contained therein.

We think the proofs upon which the order appealed from was granted was sufficient upon both the propositions suggested. The affidavit of Gage, one of the plaintiffs, states positively that the injunction order was served on the defendants on or about the 3d day of June, 1887 ; and the fact stands admitted, as to the defendant Denbow, by not being denied by his opposing affidavit. Moreover, it is clear from the whole tenor and effect of the affidavit of Denbow, that he was fully advised of the provisions of the judgment in this action, and that the acts here complained of were done, not in ignorance of those provisions, but upon the assumption that they could be safely done notwithstanding the judgment. We held, at the last term, (March, 1888), in the case of *Rochester, Hornellsville and Lackawanna Railroad Company* v. *The New York, Lake Erie and Western Railroad Company* (48 Hun, 190), that knowledge of the issuance and of the provisions of an injunction was equivalent to personal service of the order. (See, also, *Abell* v. *N. Y., L. & W. R. R. Co.*, 18 Week. Dig., 554 ; affirmed, 100 N. Y., 634.)

The injunction of the preliminary order was in force until the further order of the court, that is, until an order vacating the injunction, or so modifying it as to permit the acts thereby forbidden. The judgment expressly continued the preliminary injunction in force, though without prejudice to the right of the defendants, McKechnie & Co., to renew the mortgage, or to bring or join in an action for the determination of the rights of all parties interested in the mortgage or in the notes it was given to secure.

There can be no just claim that the action brought was within the saving clause. It was an action within the express condemnation of the preliminary order continued by the judgment. The court had found, as a basis for its judgment, that there were other persons besides McKechnie & Co., some, even, who were not parties to this action, who were interested in the mortgage and in notes intended to be secured thereby ; and the action, permitted by the judgment, was one which should bring in all those parties and in which their rights, as well as those of McKechnie & Co., might be determined and enforced. The action actually brought was an action of foreclosure, pure and simple, by McKechnie & Co. alone, against the mortgagor as sole defendant. It was the action forbidden by the judgment, and the steps to institute it were in contempt of the

authority of the court. It is said, in behalf of the defendant, that. he was not guilty of willful or intentional violation of the order. But, in respect to intent, the rule, in proceedings for contempt, is analogous to that in prosecutions for crime. The intent required to be proved is not an intent to violate the law (or the order of the court) ; but to do the act which the law (or the order of the court) forbids.

We think the adjudication of contempt was required by the case before the court, and the order must be affirmed.

BARKER, P. J., HAIGHT and BRADLEY, JJ., concurred.

Order affirmed, without costs.