Hawkins *et al. v.* The State.

Filed Dec. 9, 1890.

———◆———

No. 15,389.

HAWKINS ET AL. *v.* THE STATE.

CONTEMPT.—*Attachment for.*—*Addition of Plaintiff's Name to Information.*—*Effect of when Same is Withdrawn.*—In an action for contempt for disobedience of an order of injunction issued to aid the sheriff in giving M., the plaintiff, in an action of ejectment, possession of the land, the information upon which the attachment issued, as originally drawn, was entitled " M. and the State of Indiana v. H. et al." The name of M. was subsequently withdrawn from the information.

*Held,* that as M.'s name was withdrawn from the information, no substantial injury was done to those charged with contempt by the addition of his name in the first instance.

SAME.—*Disobedience of Injunction Embodied in Decree.*—*Power to Punish for.*—*Order of Injunction.*—*When Parties Bound to Take Notice of.*—*Collateral Attack.*—Courts of competent jurisdiction have power to punish, as for contempt, a party who disobeys an order of injunction embodied in a decree rendered after a hearing upon issue joined. When the order of injunction forms part of a decree rendered, in regular course, upon issue joined by answer, the parties to the suit are bound to take

notice of the order, and are not entitled to have a certified copy of the decree served upon them. They can not collaterally impeach the decretal order for error or irregularities.

INJUNCTION.—*Appeal.—Effect of upon Injunction.*—An appeal does not vacate an injunction, nor authorize its disobedience. Until reversal the decree is effective, and must be obeyed.

SAME.—*Pleading.— Answer Admitting Performance of Acts Complained of.— Effect of.*—When an information charges that the defendant, in disobedience of an injunction, wrongfully committed specific acts, an answer alleging that the defendants deny that " they did any of the acts in disobedience of the order of the injunction,"· is bad, for·it admits the performance of the acts, but avers that they were not performed in violation of the injunction. If the prohibited acts were performed the law declares that the injunction was violated.

PRACTICE.—*Pleading.— Verified in Part.—Insufficiency of Verification.—How Must be Presented.*—When a party desires to object to the verification of a pleading, in a case where it is not entirely unverified, he must specifically assign for cause the insufficiency of the verification.

From the Daviess Circuit Court.

*A. J. Padgett, H. Burns* and *A. Paget,* for appellants.

*C. H. Mears,* Prosecuting Attorney, and *J. H. O'Neall,* for the State.

ELLIOTT, J.—The appellants were adjudged guilty of contempt in disobeying an order of injunction issued by the trial court restraining them from interfering with the sheriff in the execution of a writ of ejectment. The injunction was issued to restrain them from interfering with the execution of the process issued in the ejectment case referred to in *Hawkins* v. *State,* 125 Ind. 570, and we need not here rehearse the facts stated in the opinion in that case, for it is sufficient to say·that the contempt for which the appellants were punished consisted in their acts performed in disobedience of the order of injunction issued to aid the sheriff in giving McDougal, the plaintiff in the ejectment action, possession of the land.

The information upon which the attachment issued, as originally drawn, was entitled, " William F. McDougal and the State of Indiana v. Hiram L. Hawkins *et al.*," and it is urged that the information is vitiated by the addition of Mc-

Dougal's name. As McDougal's name was subsequently withdrawn from the information, no substantial injury was done the appellants, even if it be conceded that if it had remained the information would have been ill. We are not, however, willing to decide that a plaintiff who is injured by the disobedience of a writ of injunction may not lodge information with the court and secure an attachment for contempt. *Hawley* v. *Bennett,* 4 Paige Ch. 163; *Secor* v. *Singleton,* 35 Fed. R. 376; *Worcester* v. *Truman,* 1 McLean, 483. But as that question is not directly presented we give no direct judgment upon it, contenting ourselves with adjudging that no substantial injury was done the appellants in this instance.

The entire information is not verified, the prosecution having adopted the singular and censurable course of verifying parts, only, of the pleading. This course seems to have been adopted in order to obtain the affidavits of persons who had knowledge of particular facts, but this supplies no valid excuse for departing from the rules of procedure, and introducing unnecessary confusion into the record. No direct attack, however, was made upon the information assigning for cause the insufficiency of the verification, and, as there was some verification, it can not be held that the question of its sufficiency is presented as the rules of procedure require. Where a party desires to object to the verification of a pleading in a case where it is not entirely unverified, he must specifically assign for cause the insufficiency of the verification.

There can be no doubt as to the right and power of a court of competent jurisdiction to punish, as for contempt, a party who disobeys an order of injunction embodied in a decree rendered after a hearing upon issue joined. Where the order of injunction forms part of a decree rendered, in regular course, upon issue joined by answer, the parties to the suit are bound to take notice of the order, and are not entitled to have a certified copy of the decree served upon them. The case is not analogous to one in which an order is issued before the parties are regularly in court; for, after parties are

Hawkins *et al. v.* The State.

duly before the court they must, at their peril, take notice of the provisions of the decree rendered, in due course, upon the issues tendered by them.

It is the duty of the parties to a suit to obey the injunction contained in the final decree, and they can not collaterally impeach the decretal order for errors or irregularities. If there is jurisdiction, collateral attacks are fruitless. *Central, etc., Tel. Co.* v. *State, ex rel.,* 110 Ind. 203 ; *Billard* v. *Erhart,* 35 Kan. 616 ; *State, ex rel.,* v. *Harper's Ferry, etc., Co.,* 16 W. Va. 864.

An appeal does not vacate an injunction, nor authorize its disobedience. Until reversed the decree is effective, and must be obeyed. *Central, etc., Tel. Co.* v. *State, ex rel., supra ; Heinlen* v. *Cross,* 63 Cal. 44 ; *Sixth Avenue, etc., Co.* v. *Gilbert, etc., Co.,* 71 N. Y. 430 ; *Graves* v. *Maguire,* 6 Paige Ch. 379 ; *Robertson* v. *Davidson,* 14 Minn. 554.

Where an information charges that the defendant, in disobedience of an injunction, wrongfully committed specific acts, an answer alleging that the defendants deny that " they did any of the acts in disobedience of the order of the injunction," is bad. It is a negative pregnant of the worst form. It admits the performance of the acts, but avers that they were not performed in violation of the injunction, and this is clearly insufficient; for, if the prohibited acts were performed, the law declares that the injunction was violated.

Judgment affirmed.

Filed Dec. 11, 1890.