Shirk *et al. v.* Cox.

Filed May 14, 1895.

————————◆————————

No. 17,353.

### SHIRK ET AL. *v.* COX.

CONTEMPT.—*Answer, Sufficiency of.*—*Injunction.*— An answer in a contempt proceeding for disobeying an order of injunction restraining such defendant and others from interfering with a certain drain, was sufficient, which was as follows: That the injunction was served upon him on a legal holiday; that when served he was not within twelve miles of the drain; that the next day he drove over to the drain, where he found "his hands," the other defendants, at work on the ditch, but he at once stopped them; that he did not intentionally violate the order, but tried to give it the greatest respect and obedience.

SAME.—*Answer, Insufficiency of.*—*Injunction.*— *Obeying in Part Only.*—

Defendants in contempt proceedings for disobeying an order of injunction can not set up their opinion as to the meaning of the order against that of the court, and still less can they justify themselves by showing that they obeyed the order in part, while at the same time they admit the violation of the order in other essential particulars.

From the Clinton Circuit Court.

*G. H. Gifford* and *C. H. Gifford*, for appellants.

*J. Claybaugh, N. P. Claybaugh* and *H. C. Sheridan,* for appellee.

HOWARD, J.—The appellants were adjudged guilty of contempt and fined for disobeying an order of injunction issued by the court below, restraining them from interfering with a drain extending from the lands of the appellant, Elbert H. Shirk, to those of the appellee, Lincoln Cox.

To the information filed by the appellee, the appellant Shirk filed his verified answer, in which "he assures the court that he at no time or place violated said order." His answer further shows that the injunction was served upon him "on a legal holiday," Washington's birthday; that when served he was not within twelve miles of the land; that the next day he drove over there when he found "his hands," the remaining appellants, at work on the ditch, "but he at once stopped them." He adds some further statements, the purpose of which was to show that what work had been done by the other appellants before his arrival, had not, in fact, been in violation of the spirit of the order, and concludes by stating that he did not in any way intentionally violate the order, but "tried to give it the greatest respect and obedience."

The remaining appellants, in their answer, also disclaim any intentional violation of the order. They say that they are laboring men and not familiar with legal proceed-

ings; that when served with the order they inquired of the officer if they should quit work, but he replied that he had no instructions to tell them to quit; that they took the writ to mean that they should appear and answer with their coappellant Shirk as to his right to clean out and use a ditch crossing appellee Cox's land; that they knew that Shirk and Cox had trouble as to Shirk's entering upon Cox's land to clean out the ditch, and affiants, conscientiously, tried to obey the order by staying off the lands of Cox.

They make further statements to show that the work which they had done on Shirk's land did not in any way tend to cast any additional water on Cox's land; and conclude by stating that they at all times and still desire to respect and obey the order of the court.

This is a proceeding to punish appellants for a constructive contempt.

In *Wilson* v. *State*, 57 Ind. 71, which was a case where a witness was charged with a constructive contempt for refusing to permit a subpœna to be served upon him, this court said:

. "In the case of *Burke* v. *State*, 47 Ind. 528, the rule governing proceedings in such cases was fully considered. It was, in substance, decided in that case, that where a person charged with a constructive contempt, in procuring a witness to absent himself, appears, and, in answer to a rule, makes a statement under oath, that the matters in the affidavit against him are not true, and sets up a state of facts consistent with his innocence, and that there was no intention on his part to interfere with the process of the court, he should be discharged."

In *Fishback* v. *State*, 131 Ind. 304 (pp. 313–14), the foregoing authorities are quoted with approval; and, on p. 318, Rapalje on Contempts, section 115, is quoted as follows:

"Again, inasmuch as the essence of a contempt consists, to a great extent, in the willful defiance of the court and its authority, the entire absence of 'any intention of committing a contempt of the court, or any purpose to destroy or impair its authority, or the respect due thereto,' is a good defense;" citing, also, *Weeks* v. *Smith*, 3 Abb. Pr. Rep. (N. Y.) 211. See, further, *Ex parte Wright*, 65 Ind. 504.

Under these authorities we are of opinion that the appellant, Shirk, should have been discharged upon his answer. He did no act and said no word in contempt of the order of the court. He may, besides, well have believed that his coappellants would respect the order and quit work when it was read to them. He was twelve miles away when the order was read to him. It was a holiday, and the next day he drove to the land and finding the men at work at once ordered them to quit.

In the answer of the remaining appellants, however, it does not appear that they respected the order of the court. That they kept off appellee's land, did not let additional water upon his premises and did other things required by the order, or that they did not in fact intend to violate the order, is not sufficient. They can not set up their opinion as to the meaning of the order against that of the court, and still less can they justify themselves by showing that they obeyed the order in part, while at the same time they admit the violation of the order in other essential particulars. See *Hawkins* v. *State*, 126 Ind, 294.

The judgment is reversed as to the appellant, Shirk, with instructions to overrule the demurrer to his answer. As to the remaining appellants the judgment is affirmed.

Filed May 15, 1895.