ECONOMIST FURNACE CO. v. WROUGHT-IRON RANGE CO. et al.

(Circuit Court, D. Indiana.  May 12, 1898.)

No. 9,576.

1. VIOLATION OF RESTRAINING ORDER—CONTEMPT.

A defendant guilty of continuous and repeated violations of a restraining order cannot excuse himself on the ground that the order is open to different constructions, and, construing it for himself, he had abstained from doing such acts as fell within the letter of the order.  The spirit as well as the letter of the order should be obeyed.

2. SAME—INTENT.

A defendant who knowingly and purposely commits acts which are in violation of a restraining order is guilty of contempt, and it is no defense that he had no intention of violating the order.

Ferd. Winter, for complainant.

McKeighany, Barclay & Watts, McBride & Denny, and Croxton & Powers, for defendants.

BAKER, District Judge.  On March 19, 1898, the complainant filed its bill of complaint against the defendants in the circuit court of Steuben county, Ind.  The bill states that the complainant is engaged with teams and salesmen in selling cooking ranges from house to house in Steuben county, and in territory contiguous thereto, having headquarters at Angola, in said county, and that while so employed the Wrought-Iron Range Company came to the same place with a large number of teams and 25 men, and entered upon and practiced a scheme and system of interference with the complainant's business, having for its object the destruction of the same, by threats of violence, by pursuing the complainant's teams and salesmen by day and night, and by preventing it in various ways, which are set out at length, from carrying on its business. The bill prays judgment for damages, and that an order be granted restraining the defendants, and each of them, from continuing such interference until notice is given; and that upon the hearing after notice a temporary injunction be granted, and on the final hearing that a perpetual injunction be awarded.  The judge of the state court set the hearing for March 22, 1898, and notice in writing of such hearing was duly served by the sheriff of Steuben county on all of the defendants except Dick, Allen, and Lanius.  On the day set for the hearing, and before any hearing was had, all of the defendants appeared in the state court, and filed their verified petition and bond for the removal of said cause into the circuit court of the United States for the district of Indiana.  The court sustained the petition, and ordered the removal prayed for.  The transcript of the pleadings and proceedings in the state court was duly filed in this court on March 30, 1898.  On that day the application for a temporary restraining order was heard by this court, Mr. Winter appearing for the complainant, and Judge McBride for the defendants.  Upon due consideration the court granted a temporary restraining order as prayed for.  Each of the defendants was thereby restrained and enjoined until the further order of the

court "from in any manner molesting, interrupting, hindering, disturbing, or otherwise interfering with, or threatening or intimidating plaintiff or any of its agents, servants, or employés in the prosecution or transaction of its business described in the bill of complaint." The restraining order was duly served upon the defendants. On April 9, 1898, a verified application and motion was presented to the court for the punishment of the Wrought-Iron Range Company, James K. Dick, its manager, and A. R. Maupin, Rollie De Witt, Harry Middleton, and F. Van Camp, employés, for contempt in having violated the restraining order; and thereupon the court issued a rule against said defendants to show cause why they should not be punished for such alleged contempt. A hearing has been had, and a large amount of evidence has been heard in the contempt proceeding. The evidence is too voluminous to justify its review. Upon a careful consideration of it, it seems very clear to the court that there was a deliberate and intended violation of the restraining order, both in letter and spirit. It was a continuous and repeated violation, and with no excuse whatever save that the violation was committed by parties who undertook to construe the order of the court for themselves; and in accordance with their construction of it they claim that they abstained from doing such acts as fell within the letter of the order. But the duty of the defendants was obedience not only to the letter, but to the spirit, of the order. "It has been declared that those who undertake to see how near they can come to doing the prohibited acts without passing the line will be very apt to overstep the bounds, and render themselves guilty of contempt." Craig v. Fisher, Fed. Cas. No. 3,332. It is of no avail that the defendants have all testified that they had no intention of violating the restraining order. They knowingly and purposely committed the acts which worked the violation of the order. "The rule as to the intention in proceedings for contempt is analogous to that which prevails in a prosecution for crime, viz. the intent required to be proven is not an intent to violate the law or the order of the court, but to do the act which the law or the order of the court forbids." 10 Am. & Eng. Enc. Pl. & Prac. 1104, citing Gage v. Denbow, 49 Hun, 42, 1 N. Y. Supp. 826; Lindsay v. Hatch, 85 Iowa, 332, 52 N. W. 226. There can be no successful claim made that the defendants did not deliberately and purposely do acts which were in violation of the restraining order. It is of no avail for the defendants to say, even if the order were justly subject to that criticism, that it is broader or more general in its prohibition than was warranted by the bill; or that by reason of its generality or otherwise it was open to different constructions. It is well settled that under such circumstances the parties should apply to the court to modify or dissolve the order, or to construe it so as to remove doubts as to its meaning. 10 Am. & Eng. Enc. Pl. & Prac. 1105; Shirk v. Cox, 141 Ind. 301, 40 N. E. 750; Hawkins v. State, 126 Ind. 294, 26 N. E. 43. The court, however, is of opinion that the order is not broader than is warranted by the bill. The general purpose and scope of the bill was to procure an order enjoining the

defendants from wrongfully interfering with the complainant in the prosecution of its business of selling stoves and ranges. There were in it specific allegations touching the manner in which the defendants had been molesting, hindering, interrupting, and interfering with the business of the complainant. The court ordered, in general terms, that the defendant corporation and its agents and employés should refrain from molesting, interrupting, hindering, disturbing, or otherwise interfering with, or threatening or intimidating the complainant in the prosecution of its business mentioned in the bill of complaint. This language is descriptive of and includes in one or the other of its various terms each of the acts mentioned in the bill as having been done by the defendants, and which it is alleged were injurious to the business of the complainant. The law does not require that an injunction or restraining order should describe in language identical with that of the bill the acts prohibited. None of the cases cited by defendants' counsel support any such proposition; nor do we think that any of them lend support to the proposition that the language used in the restraining order in this case is too uncertain and vague to apprise the defendants of the acts which they were forbidden to do.

Upon the whole case, so far as the court can perceive, the order of the court exerted no influence in restraining the defendants from pursuing the same wrongful course of conduct which had been indulged in before the restraining order was issued. They knowingly and persistently continued to practice the prohibited acts which interfered with and disturbed the complainant in the transaction of its business, and which, if tolerated, would have resulted in substantially destroying its business. The court feels persuaded that the purpose sought to be accomplished by the defendants was to destroy the business of the complainant, as it clearly appears that during nearly two months, with the number of teams and men employed by it, the defendant company had made no sales of stoves or ranges, and apparently had made no bona fide effort to make any such sales; but had been constantly engaged in pursuing the complainant wherever its teams and employés went, with the purpose and effect of interfering with its business. Nor does the court think the defendants engaged in the course of practice pursued by them for the purpose of protecting the trade-name and rights of the defendant company from infringement. If the complainant was engaged in wrongfully representing its ranges to intending purchasers as the manufacture of the defendant company, the proper method of redress was by an application to the court for injunctive relief, and not by taking the vindication of real or fancied wrongs into its own hands. The complainant was fully justified in moving against the defendants for contempt, and it is entitled to its costs, and a reasonable allowance for solicitors' fees and other expenses incurred in protecting itself from the wrongful invasion of its rights by the defendants. Indianapolis Water Co. v. American Strawboard Co., 75 Fed. 972. An order may be prepared adjudging the Wrought-Iron Range Company, James K. Dick, its manager, A. R. Maupin, Rollie De Witt, Harry Middleton, and F.

Van Camp, guilty of contempt in disobeying the restraining order heretofore granted, and assessing a fine against them of $500, to be paid to the clerk of this court for the use of the complainant, together with the costs of this proceeding to be taxed.