## 9380

### JENNINGS v. JENNINGS *ET AL.*

#### (88 S. E. 527 and 740.)

1. INJUNCTION — VIOLATION — CONTEMPT PROCEEDINGS — DISCRETION OF COURT—ADMISSION OF AFFIDIVIT.—Where defendants were enjoined from interfering with gates across a neighborhood road, and on affidavit showing their violation of the injunction and an order to show cause the Court found them guilty of contempt, the refusal to consider a second opposing affidavit, offered after the judgment, was within the discretion of the Court and not reviewable, where such discretion was not abused or erroneously exercised.

2. INJUNCTION—CONTEMPT—REVERSAL OF INJUNCTION ORDER—EFFECT.— A finding that defendants were guilty of contempt for violation of an injunction against interference with gates across a neighborhood road and the imposition of a fine of $20 or imprisonment for 15 days was a criminal contempt; and, even if the injunction should be reversed or set aside on appeal, the contempt would not fall with it, unless the judgment was void for want of jurisdiction, either of the subject of the action or of the defendants.

3. INJUNCTION—JURISDICTION—ROADS—STATUTE.—Under Civ. Code 1912, sec. 1966, making it lawful for any citizen of the State over whose land any road other than a public highway shall pass to erect gates thereon, the Circuit Court had jurisdiction of the subject of an action to enjoin interference with such gates.

4. APPEAL AND ERROR—APPEAL—EFFECT—SUPERSEDEAS.—An'appeal from an order of injunction does not operate as a supersedeas, and in such case Code Civ. Proc. 1912, sec. 395, providing that in cases not otherwise provided for the appeal shall stay the proceedings in the Court below pending the appeal, does not apply.

5. INJUNCTION—OBEDIENCE—VACATION.—The Court's orders of injunction, even though erroneous, must be respected and obeyed until vacated or modified by competent authority.

6. INJUNCTION—CONTEMPT—FINDINGS—REVIEW.—Where the Court in contempt proceedings found that defendants had actual notice of the injunction alleged to be violated, and there was evidence to support the finding, the question was not open to review.

7. INJUNCTION—GATES ON PRIVATE ROADS—EXCUSE FOR LEAVING OPEN.— The fact that gates erected and maintained across a neighborhood road had been left open for several months during the season when there were no crops did not excuse defendants for leaving them open, when they knew they had been closed to protect crops which had been planted.

8. CONSTITUTIONAL LAW—CONSTITUTIONALITY OF STATUTE—DETERMINATION.—The constitutionality of Civ. Code 1912, sec. 1966, allowing gates to be erected and maintained on private roads, is not properly

before the Court on an appeal from a finding of contempt in violating an injunction against interfering with such gates.

9. INJUNCTION — VIOLATION — PROCEEDINGS — FINDING.—In a contempt proceeding for violation of an injunction, a finding that the return was insufficient and that defendants had plainly violated the terms of the order and were in contempt of Court, in view of the denial of the return of knowledge of the order, clearly involved a finding that the defendants had actual knowledge of the injunction.

10. INJUNCTION — VIOLATION — PROCEEDINGS—EVIDENCE—SUFFICIENCY.— In a contempt proceeding for violation of an injunction restraining defendants from interfering with a gate across a neighborhood road, evidence *held* sufficient to warrant a finding that the defendants had actual knowledge of the injunction.

Before BOWMAN, J., Sumter, February, 1915.    Affirmed.

Action for injunction by L. D. Jennings against F. O. Jennings and another.    From a judgment holding defendants in contempt for a violation of the injunction granted, they appeal.

*Mr. J. H. Clifton,* for appellants, cites: *As to jurisdiction:* 49 S. C. 199; 91 S. C. 412.    *As to pendency of appeal:* 30 S. E. 593; 59 S. C. 56; Code Civ. Proc., sec. 395; Civil Code, sec. 1967.

*Mr. R. D. Epps,* for respondent, cites: *As to jurisdiction:* 49 S. C. 199; 7 A. & E. Enc. of L. 55.

April 13, 1916.
The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

FOOTNOTE.—As to nature of proceeding to punish for contempt for violation of an injunction, see notes in 13 L. R. A. (N. S.) 591 and 598, 34 L. R. A. (N. S.) 874, 42 L. R. A. (N. S.) 793, and 21 A. & E. Ann. Cas. 907.  Effect of appeal from injunction on jurisdiction of trial Court to punish for contempt for its violation, see note in 14 L. R. A. (N. S.) 1150. ·Dissolution of preliminary injunction as affecting right to punish for contempt for its violation, see note in 51 L. R. A. (N. S.) 972. Right to punish violation of injunction after dissolution thereof, see notes in 38 A. & E. Ann. Cas. 1010.  In appeal cases, see notes in 51 L. R. A. A. 973.

In an action in which L. D. Jennings was plaintiff and F. O. Jennings, Ulric Jennings, and others were defendants, it was adjudged, on November 22, 1912, that L. D. Jennings had the right to erect and maintain gates across a neighborhood road running through his lands, under section 1966, vol. I, Civ. Code 1912, and defendants were enjoined from interfering with the gates, except to open and close them in using the road. From this judgment notice of appeal was given by both sides, but nothing further was done toward perfecting the appeal. On February 8, 1915, on affidavit, showing that F. O. Jennings and Ulric Jennings had recently violated the injunction, by opening the gates and leaving them open, the Court ruled them to show cause, on February 11th, why they should not be attached for contempt. In their returns, they denied leaving the gates open, and denied notice or knowledge of the injunction. The Court found them guilty of contempt, and imposed upon each of them a fine of $20, or imprisonment for 15 days. Two hours after the hearing, and after the judgment in contempt had been signed, defendants offered another affidavit of C. M. Burkett, who had already made an affidavit in the case, tending to show that the gates were not constructed according to the requirements of the statute. The second affidavit was also as to the manner of construction and operation of the gates. The Court refused to receive or consider the second affidavit. From the judgment in contempt, defendants appealed.

The reception and consideration of the second affidavit of Burkett, or its rejection, was within the discretion of the Court; and it does not appear that the discretion was abused or erroneously exercised. No reason whatever is assigned why the facts stated in the second affidavit were not stated in the first.

The contempt of which defendants were found guilty was a criminal contempt; the purpose being to punish them for disobedience of the injunction and maintain the dignity of

the Court. Therefore, even if the injunction should be reversed or set aside on appeal, the contempt would not fall with it, unless the judgment was void for want of jurisdiction, either of the subject of the action or of the defendants. *State* v. *Nathans,* 49 S. C. 199, 27 S. E. 52. That the Court had jurisdiction of the subject of the action cannot be questioned; that it had jurisdiction of defendants has not been questioned.

An appeal from an order of injunction does not operate as a supersedeas. Such a doctrine would completely destroy the effectiveness of the remedy by injunction. *Klinck* v. *Black,* 14 S. C. 241; 2 High on Injunctions, sec. 1413. The orders of the Court, even though erroneous, must be respected and obeyed, until vacated or modified by competent authority. *Watson* v. *Bank,* 5 S. C. 159; *State* v. *Nathans, supra.*

Section 395 of the Code of Procedure, which is relied upon by appellants, is not applicable. The legislature did not intend by that section that an appeal from an order of injunction should have the effect of suspending or superseding the order. It was only intended that, in cases not therein provided for, an appeal shall "stay proceedings in the Court below," pending the appeal.

The Court found that defendants had actual notice of the injunction. As there was evidence to support the finding, the question is not open to review. *State* v. *Nathans, supra.* The same observation may be made upon the question whether the gates were constructed according to the requirements of the statute. But the authorities above cited show that, even if they were not so constructed and maintained, it was, nevertheless, the duty of defendants to respect and obey the order of the Court, until it was vacated or modified in a regular way.

The fact that the gates had been left open for several months during the season when there were no crops in the

fields affords no excuse to defendants to open them and leave them open, when they knew that they had been closed to protect crops that had been planted in the fields.

The constitutionality of the statute allowing gates to be erected and maintained is not properly before the Court in this proceeding. 2 High on Injunctions, sec. 1416.

Judgment affirmed.


April 13, 1916.

On petition for rehearing the following was filed

PER CURIAM. Upon due consideration, ordered that the, within petition be dismissed, for reasons herewith filed.

Reasons for Refusing Petition for Rehearing. In the foregoing opinion the following statement is made:

"The Court. found that defendants had actual notice of the injunction. As there was evidence to support the finding, the question is not open to review."

In their petition for rehearing appellants say this statement contains two errors: First, that the Circuit Court found as stated; and, second, that there was evidence to support the finding. In saying that the Court below found that appellants had actual notice of the injunction we merely gave our interpretation of the language used, and, after careful reconsideration of the case, in the light of the petition and the argument thereon, we are satisfied that it was correct.

The record shows that the defenses set up in the return of defendants to the rule were: (1) Denial that they left the gates open; (2) that the gates were not constructed according to the requirements of the statute; (3) that they did not know of the injunction. On the first and second there were direct testimony both ways. Upon the third the record shows that the action was brought to permanently close the road in question, and enjoin defend-

ants from using it; that defendants contended that it should be kept entirely free and open without any obstruction being placed across it by plaintiff; that, on motion of plaintiff, an injunction *pendente lite* was granted by Judge Wilson, which was, on motion, modified by Judge DeVore, so as to allow the public and especially the defendants to travel the road, but gave plaintiff the right to erect and maintain gates thereon; that, pending the hearing on the merits, plaintiff obtained a rule from Judge Prince, requiring defendants to show cause why they should not be attached for contempt for having broken down the gates erected by him; that defendants showed for cause that the copy of the order of Judge Wilson which had been served upon them was not certified, and on that ground Judge Prince discharged the rule; that at the trial on the merits both defendants were present and knew of the issues submitted to the jury and the verdict thereon; that the verdict was that the road was a neighborhood road (on which the statute allows the erection of gates) and plaintiff had not the right to close it; but that he was entitled to recover of defendants $8 damages for breaking down the gates erected thereon by him. Thereafter the permanent order of injunction of November 22, 1912, was passed by Judge Spain, who presided at the trial on the merits. From that order defendants served notice of intention to appeal. Besides this, J. M. Bradham says in his affidavit that on February 1st he told the defendant, Ulric Jennings, who is a son and codefendant of F. O. Jennings, of the order of Judge Spain, and that said defendant replied that the gates would be kept open, and that on February 2d both defendants passed through the gates in a buggy, and that the defendant, F. O. Jennings, got out and opened the gates and left them open. Leaving out of consideration the presumption that parties to a suit knew of the judgment therein (2 High on Injunctions, sec. 1422; *Hawkins* v. *State,* 126 Ind. 294, 26 N. E. 43), the foregoing testimony and the inferences legally deducible from it fully

warranted the Court in concluding, as it did on the hearing for contempt, in the following language:

"That the said return is insufficient; that the said F. O. Jennings and the said Ulric Jennings have plainly violated the terms of the said order and are in contempt of Court."

In view of the denial of the return of knowledge of the order, the conclusion reached clearly involved the finding that defendants did know of the order, and, as said, it was warranted by the evidence.

Petition dismissed.