### 9520

### STATE v. HIGHSMITH.

### THOMPSON v. SAME.

(90 S. E. 154.)

1. INJUNCTION—VIOLATION OF ORDER—PUNISHMENT.—Though an order of injunction, properly construed, forbade defendant from practicing optometry as an employee of an optical company, where the Judge who rendered the order had personally informed the attorney for the defendant that it was not so intended, it was error to

impose substantial punishment on defendant as for contempt where he practiced as an employee.

2. INJUNCTION — PROCEEDING — CONSTRUCTION OF ORDER. — An attorney for a party in a suit for injunction should not ask the Judge unofficially to construe his order; the proper practice being to move for a judicial construction or for a modification.

3. CONTEMPT — PUNISHMENT — JUDGMENT. — A judgment for criminal contempt must be pronounced in open Court.

4. CONTEMPT—PROCEEDINGS TO PUNISH—APPEAL—QUESTIONS PRESENTED IN TRIAL COURT.—On appeal in a contempt proceeding for violation of an order enjoining the practice of optometry by defendant in violation of a contract with plaintiff in the injunction suit, the question whether the contract is void as against public policy, not having been presented in the trial Court in the contempt proceeding, is not properly before the appellate Court.

5. CONTEMPT—ACTS CONSTITUTING—VIOLATION OF ORDER OF COURT.— An order of a Court or Judge which is not void for want of jurisdiction must be obeyed until vacated or modified by competent authority, even though erroneous.

Before SHIPP, J., Sumter, ———. Reversed.

Z. F. Highsmith was convicted of contempt in violating an injunction issued against him in an action by W. A. Thompson, and appeals.

*Mr. R. D. Epps,* for appellant, cites: *As what constitutes contempt:* 65 Ind. 512. *Jurisdiction at chambers:* 49 S. C. 226; 70 S. C. 288. *Public policy affecting contract:* 91 Ill. App. 181; 45 Iowa 106; 60 N. H. 198.

*Mr. John H. Clifton,* for respondent, cites: *As to validity and construction of contract:* 20 Cyc. 128, 1281; 30 S. C. 412; 9 S. E. 422; 4 S. C. 401; 9 Cyc. 25; 523 to 527. *Jurisdiction:* 49 S. C. 229; 70 S. C. 93.

September 28, 1916.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

The defendant, Highsmith, appeals from judgment of contempt rendered against him under the following circumstances: The plaintiff, Thompson, brought suit against him for damages and injunction, alleging that Highsmith, being engaged in the business of an optician, sold him the business, and agreed that he would not continue in the same business in Sumter, and that he had broken his agreement by engaging in the business as an employee of the Highsmith Optical Company. Upon the verified complaint, Judge Mauldin granted an order, restraining defendant "from in any way practicing optometry, or the optical profession, or in any way engaging in what is commonly known as the optical business in Sumter," with leave to defendant to apply for vacation or modification of the order on 4 days' notice. When served with the complaint and order, defendant carried them to his attorney, Mr. R. D. Epps, who advised him that, in his opinion, the order did not prohibit him from practicing optometry as an employee of the company, but only as an individual. However, intending to avoid even the appearance of advising his client to violate the order, and desiring that there should be no question about the matter, Mr. Epps went to see Judge Mauldin, and told him the construction which he had placed on his order and the advice he had given his client. The Judge looked at the order, and told Mr. Epps, in substance, that he had correctly construed it, and that he did not intend to enjoin defendant from practicing optometry as an employee of the company, but only as an individual, and that he might act accordingly. This information was imparted to defendant, who continued to practice as an employee of the company. Whereupon, on motion of Thompson, he was ruled by Judge Shipp to show cause why he should not be attached for contempt for the violation of Judge Mauldin's order. By way of return to the rule, the facts above stated were made to appear by affidavits of defendant and Mr. Epps. Mr. Epps also wrote to Judge Mauldin, stating the conversation with him, and ask-

ing confirmation of it by telegram for use at the hearing, as the time set for hearing the return was too short to get an answer by letter. The Judge telegraphed Mr. Epps that his statement was substantially correct. After hearing the return, and argument thereon, Judge Shipp reserved his decision, and filed it after the Court had adjourned for the term. He held that he was bound to construe Judge Mauldin's order according to the language used therein, and that he could not be governed by what the Judge may have intended; and, so construing it, he held that it enjoined defendant from practicing optometry as an employee of the company, and, therefore, that defendant had violated the order and was guilty of contempt, and he imposed on defendant a fine of $100, or 30 days in jail, but he suspended the sentence upon payment of a fine of $25, on condition that defendant should thereafter obey the injunction.

While Judge Shipp correctly construed Judge Mauldin's order, he erred in holding that he was bound to give it full force and effect and to find defendant guilty of contempt, without regard to the construction placed upon the order by Judge Mauldin himself, and the direction given by him to defendant's attorney and through him to defendant. The nature of a contempt and of the punishment to be inflicted for it depends, in a very considerable degree, upon the intent of the party charged with it. Here it was clearly made to appear that there was no intent to violate the order, or even to evade its terms; but, on the contrary, both client and attorney appear to have been anxious to obey its spirit as well as its letter. That being so, the Court erred in imposing substantial punishment upon defendant.

As was suggested to counsel by a member of this Court at the hearing, they erred in asking Judge Mauldin to construe his order unofficially, and he erred in doing so. The proper practice would have been to move before him, for a judicial construction or a modification of it, as was permitted by its terms.

There is another reason why the order of Judge Shipp must be set aside. A judgment for a criminal contempt must be pronounced in open Court. *State* v. *Nathans,* 49 S. C. 199, 27 S. E. 52.

The question whether the contract alleged in the complaint is void as against public policy is not properly before this Court, as it was not raised or decided in the Court below. An order of a Court or Judge which is not void for want of jurisdiction must be respected and obeyed, until vacated or modified by competent authority, even though it may be erroneous. *Jennings* v. *Jennings,* 104 S. C., 242, 88 S. E. 527.

Judgment reversed.