BIRD ET AL. *v.* JOHNSON ET AL.

[No. 29,248.   Filed November 15, 1955.]

*Campbell, Campbell & Malan,* of Noblesville, for appellants.

*Christian, Waltz & Klotz,* of Noblesville, for appellees.

LANDIS, J.—This is an appeal from a judgment denying relief in an indirect contempt proceeding for the violation of a previous decree of injunction.

Petitioners-appellants were the owners of land through which a tile drain was constructed in approximately 1940 to carry off drainage from adjoining property. Appellees were individual owners of adjoining properties and utilized septic tanks which were connected to said tile drain above the place where the drain proceeded across appellants' property.

Appellees brought the original action in 1949 to restrain petitioners-appellants from obstructing the drain, to which petitioners-appellants filed a cross-complaint asking that appellees be enjoined from dumping sewage into said tile drain. A decree was rendered on July 21, 1951 enjoining petitioners-appellants from obstructing the drain, and further enjoining appellees from dumping or putting sewage into said drain or in any manner conveying the same on to appellants' land. In 1953, petitioners-appellants filed this petition for rule to show cause, alleging appellees had wilfully and knowingly violated the restraining order by permitting sewage from their several septic tanks to be discharged into said tile drain and onto petitioners-appellants' lands. Appellees filed answer in two paragraphs, admitting certain allegations of the petition and denying the remaining, and setting up affirmative matter. Petitioners-appellants filed reply to appellees' answer. The court, after hearing evidence, found against petitioners-

appellants in said contempt hearing, and decreed the petitioners-appellants take nothing. Error is assigned in overruling petitioners-appellants' motion for new trial.

Petitioners-appellants' contention on this appeal is that the lower court erred in denying them relief, as it was shown without contradiction appellees violated the decree enjoining placing of sewage in said drain and conveying it onto petitioners-appellants' land, and that appellees made no showing to purge themselves of the contempt charge.

Petitioners-appellants, in their brief, have described this action as a civil contempt proceeding, which statement is concurred in by appellees. We shall assume that it was accordingly treated by the parties, although the allegations that appellees *wilfully and knowingly* violated the restraining order suggest a criminal rather than a civil contempt. *Denny* v. *State* (1932), 203 Ind. 682, 695, 182 N. E. 313.

The decree of injunction entered by the lower court adjudged, in part, that appellees be:

"perpetually restrained and enjoined from dumping in, placing or running in or putting in sewage, waste or filth into said drain or in any other manner conveying said sewage, waste and filth on to the lands of said cross-complainants" (appellants).

The evidence introduced at the hearing showed without dispute that sewage having the appearance and odor of septic tank affluence was still issuing from the tile onto petitioners-appellants' property; that appellees, shortly after the decree of injunction in 1951, had their various septic tanks cleaned out, but that none of them had disconnected their tanks so as to prevent drainage from them into the tile drain; that septic tanks are approximately 33% efficient, and that fluids from a septic tank into a tile drain would pollute

the water in the tile drain. No evidence was introduced by appellees to indicate they had complied with the injunction against putting sewage in the tile drain, but the evidence showed without contradiction that the above acts prohibited by the injunction were performed by appellees.

Appellees, in an effort to purge themselves of contempt, argue they have acted reasonably under the circumstances, and say their septic tanks are operating efficiently (although the evidence showed this to be a 33% efficiency). It is well settled that whether or not appellees were guilty of contempt does not depend upon their intentions or motives, but upon the acts done by them. *Locrasto* v. *State, ex rel.* (1930), 202 Ind. 277, 281, 173 N. E. 456; *Thistlewaite et al.* v. *The State* (1898), 149 Ind. 319, 325, 49 N. E. 156; *Hawkins et al.* v. *The State* (1890), 126 Ind. 294, 26 N. E. 43.

In the *Thistlewaite* case, *supra,* it was held that a gas company which violates an order of a court of equity, enjoining it from charging consumers more than a specified sum for gas, could not purge itself of contempt by showing that the officers of the company acted in good faith and without any intention of violating an order of the court. In *Locrasto* v. *State ex rel., supra,* it was held that a defendant who violated a restraining order enjoining the business of prostitution could not purge himself of contempt of court simply by showing he was not present, or that he would have attempted to stop the unlawful acts had they been made known to him.

Appellees also attempt to excuse their violation of the injunction by asserting petitioners-appellants violated the injunction in other respects, i.e., in failing to remove obstructions from the tile, etc. Appellees did not see fit to petition the court for a rule

against petitioners-appellants as to any alleged violation committed by them, and appellees cannot now claim such matter in purgation of their own contempt. Appellees further suggest that others, not parties to this proceeding, may also be unlawfully dumping sewage into said drain. This will not avail appellees. It is a settled principle that the fact other persons are violating a law in the same manner, or maintaining a nuisance of a similar character, is not available as a matter of justification or excuse. *Lipnik* v. *Ehalt* (1921), 76 Ind. App. 390, 400, 132 N. E. 410, 413; *Dennis* v. *State* (1883), 91 Ind. 291; *Pittsburgh, etc., R. Co.* v. *Town of Crothersville* (1902), 159 Ind. 330, 65 N. E. 914; *Robinson* v. *Baugh* (1875), 31 Mich. 290; *Perrin* v. *Crescent City, etc., Co.* (1907), 119 La. 83, 43 So. 938, 12 Ann. Cas. 903.

Appellees further contend, in their attempted purgation, that for various reasons it was impossible for them to render obedience to the injunction. Upon this issue the burden of proof was upon appellees. *Hays* v. *Hays* (1939), 216 Ind. 62, 22 N. E. 2d 971; *Dishinger* v. *Bon Air Catering, Inc.* (1949), 336 Ill. App. 557, 84 N. E. 2d 562; Anno. 22 A. L. R. 1266, and cases therein cited.

Appellees have made no showing that they were unable to comply with the original order because of conditions occurring subsequent to the time the original order was made. Since the sufficiency of the evidence in the original action for injunction was never legally challenged by appellees, it must be concluded that it was sufficient to indicate that at that time appellees were able to comply therewith. Proceedings charging contempt for failure to obey an order cannot be used as a method of reviewing the question of the sufficiency of the evidence to sustain the original action. One can only escape the consequences

of his failure to obey the order of the court by showing that conditions existing subsequent to the entering of the order, make it impossible for him to obey such order. No such showing was made here. *Hays* v. *Hays, supra.*

Petitioners-appellants having proved without contradiction the existence of the injunction and its violation by appellees, and appellees having failed to purge themselves of contempt, it follows that the decision of the trial court was contrary to law, and must be reversed.

The judgment of the lower court is accordingly reversed with instructions to sustain appellants' motion for new trial in said contempt proceeding, and for further proceedings not inconsistent with this opinion.

So ordered.

Emmert, C. J., and Arterburn, Achor and Bobbitt, JJ., concur.

NOTE.—Reported in 130 N. E. 2d 29.