414 So.2d 3 (1982)
SHADOW LAKES WOODS, INC., Appellant,
v.
Arnold W. SCHNEIDER, et ux., et al., Appellees.
No. 81-637.
District Court of Appeal of Florida, Fifth District.
April 7, 1982.
Rehearing Denied May 13, 1982.
*4 Michael J. Appleton of Graham, Markel, Scott, Marlowe, Appleton & McDonough, P.A., for appellant.
William L. Colbert of Stenstrom, McIntosh, Julian, Colbert & Whigham, and Marcia K. Lippincott, Sanford, for appellees.
COBB, Judge.
In this case a mandatory injunction, which was not appealed, was entered against the defendant corporation. Later, the corporation moved to dissolve the injunction on the same grounds that it had used as defensive matters at trial. No new grounds occurring subsequent to the entry of the final judgment of injunction were urged in support of the motion to dissolve. Therefore, this was an improper attempt by appellant to evade a court order and gain retrial of the issues without a timely motion for new trial or appeal. The trial court properly denied the motion.
As held by the Indiana Supreme Court in Bird v. Johnson, 234 Ind. 555, 130 N.E.2d 29, 31 (1955):
Appellees have made no showing that they were unable to comply with the original order because of conditions occurring subsequent to the time the original order was made. Since the sufficiency of the evidence in the original action for injunction was never legally challenged by Appellees, it must be concluded that it was sufficient to indicate that at that time, Appellees were able to comply therewith. Proceedings charging contempt for failure to obey an order cannot be used as a method of reviewing the question of the sufficiency of the evidence to sustain the original action. One can only escape the consequences of his failure to obey the order of the court by showing that conditions existing subsequent to the entering of the order made it impossible for him to obey such order. No showing was made here.
AFFIRMED.
ORFINGER and COWART, JJ., concur.