BROWNING, J.
Appellant seeks review of his judgment and sentence for indirect criminal contempt. We affirm Appellant’s conviction because he failed to show it was impossible to obey the order and in defense relied primarily on an attempt to retry the original action. See Shadow Lakes Woods, Inc. v. Schneider, 414 So.2d 3, 4 (Fla. 5th DCA 1982) (quoting Bird v. Johnson, 234 Ind. 555, 130 N.E.2d 29, 31 (1955)). The language of the order violated by Appellant restrained him from eom-ing onto the land described as running to and along “the waters’ edge,” yet, as the evidence shows, he was twice on land past the waters’ edge. Although the phrase “the waters’ edge” may be an erroneous description of the metes and bounds of the property, the order of injunction is, nonetheless, enforceable. Cf. E. Shores Sales Co. v. City of N. Miami Beach, 363 So.2d 321 (Fla.1978) (holding that even erroneous rulings in a decree that had become final could not be attacked collaterally).
Appellant’s claim that his sentence is illegal was not preserved. However, we reverse the sentence because the trial court did not permit Appellant to present evidence in mitigation, as authorized by Florida Rule of Criminal Procedure 3.840(g). Failure to follow this rule is fundamental error. See Garrett v. State, 876 So.2d 24, 25-26 (Fla. 1st DCA 2004). Accordingly, we AFFIRM the conviction, REVERSE the sentence, and REMAND for proceedings consistent with this opinion.
ALLEN and PADOVANO, JJ., concur.