933 So.2d 734 (2006)
James Calvin INGRAM, Appellant,
v.
STATE of Florida, Appellee.
No. 2D05-5095.
District Court of Appeal of Florida, Second District.
July 26, 2006.
James Marion Moorman, Public Defender, and Maureen E. Surber, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Richard M. Fishkin, Assistant Attorney General, Tampa, for Appellee.
ALTENBERND, Judge.
James Calvin Ingram appeals his adjudication for contempt of court and his sentence of six months' incarceration in the Polk County Jail. The State concedes error.
A jury trial witness subpoena was issued for Mr. Ingram. It apparently was served at his home on his mother in August 2005. Mr. Ingram did not appear for the trial as ordered. The State petitioned for a rule to show cause, asking the trial court to require Mr. Ingram to appear and explain why he should not be held in contempt. The petition made no reference to criminal contempt.
Apparently, the trial court issued a rule to show cause, although no such document is in our record and no proof of its service on Mr. Ingram appears in our record. Mr. Ingram appeared for the hearing on September 23, 2005. As permitted by Florida Rule of Criminal Procedure 3.840(d), the hearing and all questioning was conducted by Judge Roger A. Alcott. Prior to placing Mr. Ingram under oath, Judge Alcott determined from Mr. Ingram that he lived with his mother and that she had received the subpoena. The judge then explained to Mr. Ingram, "the burden is on you to show" why "you shouldn't be held in contempt." The judge then placed Mr. Ingram under oath. Mr. Ingram explained that he had attended a deposition in the case and had been told that he would be notified if he was needed for trial. Mr. Ingram claimed he had not received further notice to appear for the trial and did not think he needed to attend.
Thereafter, the following colloquy took place:
THE COURT: Okay, Mr. Molloy, anything?
ASSISTANT STATE ATTORNEY MOLLOY [who was not sworn]: During that deposition I asked him if he was going to show up he said, "he wasn't  wasn't sure." I said, "you know the Judge could put you in jail for six months if you don't show up." He goes "well, if I decide not to I'll suffer the consequences."
The judge then asked Mr. Ingram if he "remember[ed] that conversation," and *735 Mr. Ingram agreed that he did. He further explained that when he had talked to a detective, he had told the detective that he did not want to have anything to do with the case, and the detective told Mr. Ingram that he would not be bothered with any of it.
The judge informed Mr. Ingram that he could "take that up with the detective" after he got out of jail. He found Mr. Ingram in criminal contempt, adjudicated him guilty, and sentenced him to six months in jail. When Mr. Ingram asked to be able to return his father's car before going to jail, the judge said: "Nope. You may begin serving your sentence right now."
We note that the initial transcript received by this court from the Electronic Court Reporter for the Tenth Judicial Circuit claimed that Mr. Ingram was represented by counsel during this hearing. A corrected transcript reflected that he had no attorney.
Without discussing all of the numerous issues that might warrant a reversal in this case, we note that rule 3.840(d) clearly states that "the defendant is entitled to be represented by counsel." It is undisputed that Mr. Ingram was never advised of, and did not knowingly waive, this right. The State concedes this error.
Accordingly, we reverse the order of criminal contempt.
Reversed.
CASANUEVA and STRINGER, JJ., Concur.