LENDERMAN, JOHN C., Associate Senior Judge.
 

 Daniel Ensign appeals an order finding him guilty of indirect criminal contempt for interfering with a truancy court order requiring his stepdaughter to attend school every day. He contends that the trial court committed reversible error by failing to comply with several requirements of Florida Rule of Criminal Procedure 3.840. The State concedes error, and we reverse for further proceedings.
 

 First, rule 3.840(d) provides in relevant part that “[t]he defendant is entitled to be represented by counsel.” At the hearing on the order to show cause for indirect criminal contempt, the trial court failed to advise Ensign of his right to counsel and Ensign did not knowingly waive his right to counsel. The trial court
 
 *355
 
 erred in this regard.
 
 See Ingram v. State,
 
 933 So.2d 734, 735 (Fla. 2d DCA 2006).
 

 Rule 3.840(g) also provides that prior to pronouncing sentence, “the judge shall inform the defendant of the accusation and judgment against the defendant and inquire as to whether the defendant has any cause to show why sentence should not be pronounced. The defendant shall be afforded the opportunity to present evidence of mitigating circumstances.” Ensign was not fully afforded these rights.
 

 The trial court failed to comply with the requirements of rule 3.840(g) by failing to inform Ensign of the accusation against him and by failing to ask him if he has any cause to show why sentence should not be pronounced. In addition, while the trial court gave Ensign an opportunity to make a statement regarding whether he prevented his stepdaughter from attending school, the trial court failed to give him an opportunity to present mitigating evidence in regard to his sentence.
 
 See Gooden v. State,
 
 931 So.2d 146, 147 (Fla. 1st DCA 2006);
 
 Mendana v. Mendana,
 
 911 So.2d 130, 135 (Fla. 3d DCA 2005).
 

 Rule 3.840(f) also requires a judgment of guilty to include “a recital of the facts constituting the contempt of which the defendant has been found and adjudicated guilty.” The trial court’s snap out order failed to include the requisite recital of facts constituting the contempt. While oral statements placed on the record may satisfy this requirement of rule 3.840(f),
 
 see Gidden v. State,
 
 613 So.2d 457, 460 (Fla.1993), the trial court failed to state on the record the facts supporting the trial court’s finding of contempt by Ensign.
 
 See Martinez v. State,
 
 976 So.2d 1222,1223 (Fla. 4th DCA 2008) (‘While this requirement is waived when there are sufficient oral findings made on the record, the trial court failed to meet even this requirement.”).
 

 Because the trial court failed to follow several requirements of rule 3.840, we reverse the order of contempt and remand for further proceedings consistent with rule 3.840.
 

 Reversed and remanded.
 

 WALLACE and LaROSE, JJ„ Concur.