NORTHCUTT, Judge.
Christopher Podolsky appeals from an order adjudicating him guilty of indirect criminal contempt and sentencing him to six months in county jail, contending that the trial court committed fundamental error by failing to comply strictly with the *259 procedures set out in Florida Rule of Criminal Procedure 3.840. The State candidly concedes error.
The contempt trial stemmed from proceedings to enforce Mr. Podolsky’s compliance with a 2009 final judgment of paternity. In May 2011, a judgment of indirect civil contempt was issued, threatening an indirect criminal contempt action if Mr. Podolsky did not comply with its conditions. In February 2012, after the petitioner in the paternity action filed a motion for civil contempi/enforcement, Mr. Podol-sky appeared at a hearing to show cause why he should not be held in criminal contempt for his failure to comply with the court’s orders. Trial was scheduled for late March 2012.
When Mr. Podolsky appeared at the March 26, 2012, hearing without counsel, the court neither advised him that he was entitled to be represented by an attorney, as provided by rule 3.840(d), nor informed him that an attorney could be appointed for him if he could not afford one. See Cole v. State, 714 So.2d 479, 489 (Fla. 2d DCA 1998). Mr. Podolsky did not knowingly waive his right to counsel; nevertheless, the court proceeded to find him guilty of indirect criminal contempt and sentenced him to six months in jail. This was error. See Ensign v. State, 67 So.3d 353, 354-55 (Fla. 2d DCA 2011) (citing Ingram v. State, 933 So.2d 734, 735 (Fla. 2d DCA 2006)). Accordingly, the judgment and sentence for indirect criminal contempt must be reversed.
Reversed and remanded.
CRENSHAW and SLEET, JJ., Concur.