## Third Department, October, 1975

### (October 15, 1975)

Westchester Chapter, Civil Service Employees Association, Inc., et al., Appellants, v Arthur Levitt, as Trustee of the New York State Employees Retirement System and as Comptroller of the State of New York, Respondent. Al Sgaglione et al., Individually and on Behalf of All Others Similarly Situated as Members of the New York State Policemen's and Firemen's Retirement System, and on Behalf of All Others Similarly Situated as Taxpayers of the State of New York, et al., Appellants, v Arthur Levitt, as Comptroller of the State of New York, Respondent.—Motions pursuant to CPLR 5518 for preliminary injunctions. Appeals from orders of the Supreme Court at Special Term, entered October 14, 1975 in Albany County, which, in plaintiffs' actions for a declaratory judgment and permanent injunction, respectively, denied motions for preliminary injunctions restraining defendant Levitt, as trustee of the New York State Common Retirement Funds, from making certain investments. *Per Curiam.* Upon appeals from orders of Special Term, Albany County, entered October 14, 1975, which denied preliminary injunctions in each action, plaintiffs move for preliminary injunctions pending appeal. In the underlying actions plaintiffs basically request injunctive relief restraining defendant Levitt, in his capacity as trustee of the New York State Common Retirement Funds, from making a certain investment which they contend is illegal, *ultra vires* and otherwise improper. Plaintiffs further seek a judgment declaring that a conflict of interest exists between the duties of the Comptroller qua Comptroller, in the sale of State notes, and the common-law responsibilities of the Comptroller as trustee of the retirement funds. Plaintiff Westchester Civil Service Employees Association also requests an order removing defendant as trustee. Accordingly, the primary question presented by these appeals is whether plaintiffs have demonstrated a strong probability of ultimate success in their actions and thus a "clear right" to the provisional remedy of preliminary injunction *(Smith v Robilotto,* 25 AD2d 454). We agree with Special Term that they have not. The Comptroller, as trustee of the common retirement fund, is specifically authorized to invest in obligations of the State of New York (Retirement and Social Security Law, §§ 13, 313; State

Finance Law § 98). Contrary to plaintiffs' contentions, the common-law principles regarding conflicts of interest and self-dealing on the part of a trustee have not been abrogated by implication in the case at bar but rather by the clear expression of the Legislature in permitting the Comptroller to make the investments in question (cf. McKinney's Cons Laws of NY, Book 1, Statutes, § 301, subd b). Were this not the case, the statutory authority given to the trustee to invest in State obligations in his discretion would be rendered meaningless. It should also be noted that the Court of Appeals has recently touched on these issues in a related case involving some of the instant plaintiffs. In that case, after noting that neither plaintiffs nor the courts were entitled to assess the market worthiness of securities in which the Comptroller, as trustee, may invest, the court stated that the discretion of the trustee "is his solely except as limited by the continuing power of the Legislature to expand or restrict the classes and kinds of investment in which he may place the funds in his care." *(Sgaglione v Levitt,* 37 NY2d 507, 513.) The Legislature has, to date, not seen fit to restrict the Comptroller's discretion to make the class of investment here in issue, and this court cannot purport to act in the Legislature's stead. In view of the above, we affirm the orders of Special Term denying the motions for preliminary injunctions as a matter of law. Plaintiffs' motions to this court for preliminary injunctions pending appeal (CPLR 5518) are denied as academic. Motion by plaintiff Westchester Civil Service Employees Association for permission to appeal to the Court of Appeals granted, without costs. Herlihy, P. J., Sweeney, Kane, Koreman and Larkin, JJ., concur. Motions pursuant to CPLR 5518 for preliminary injunction denied, without costs. Orders, entered October 14, 1975, affirmed, without costs. Motion for permission to appeal to the Court of Appeals granted, without costs.