Per Curiam.

There are two issues raised by appellants, and those only are considered by the court. The first is whether the nonimpairment clause of the State Constitution (art V, § 7) bars the statutory provisions permitting the State Comptroller to act in a dual capacity as the seller of State obligations on behalf of the State and the buyer of such obligations as the "trustee” of the funds of a retirement system. The second is whether, apart from express constitutional provi *521 sions, the Legislature was powerless to invest the State Comptroller with powers involving an inevitable conflict of interest.
The answer to the first question is uncomplicated. When the Constitution was amended to protect the beneficiáries of public employee retirement systems, the plan then extant provided for the dual capacity in which the State Comptroller still acts (see Civil Service Law, former § 57 [in effect in 1940], as added by L 1920, ch 741; State Finance Law, § 98 [L 1940, ch 593]). Hence, the nonimpairment clause is not violated (cf. Sgaglione v Levitt, 37 NY2d 507).
The answer to the second question is not much more complicated. It is obvious, and this court so noted in the Sgaglione case (supra), that the State Comptroller, within the meaning of section 13 (or § 313) of the Retirement and Social Security Law, is not necessarily a trustee in the same sense as a private trustee, or even a public trustee who is or may be charged with the investment of "trust” funds.
The area of actual or possible conflict of interest has such consequences as the Legislature, the primary lawmaking organ of the State, may provide. It speaks with plenary power limited only by the Constitution.
Consequently, a conflict of interest, created by statute since before 1940, need not involve an incapacity to act because of the conflict, but only an especial obligation to act fairly on behalf of those concerned with the results of the action taken. In any event, this is no more and this is no less than is expected of a trustee, in the classic sense, confronted with a conflict of interest (Restatement, Trusts, 2d, § 170, Comment r; 2 Scott, Trusts [3d ed], § 170.16; Bogert, Trusts & Trustees, § 543, subd [H]; cf. Business Corporation Law, § 713; Everett v Phillips, 288 NY 227, 236-237).
Accordingly, the order of the Appellate Division should be affirmed, without costs, and the certified question answered in the negative.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in Per Curiam opinion.
Order affirmed, etc.