■ AL SGAGLIONE, on Behalf of Himself and All Others Similarly Situated as Members of the New York State Policemen's and Firemen's Retirement System, et al., Appellants, v ARTHUR LEVITT, as Comptroller of the State of New York, Respondent.—Appeal from an order of the Supreme Court at Special Term, entered December 31, 1975 in Albany County, which denied plaintiffs' motion for a preliminary injunction and granted defendant's motion for summary judgment dismissing the complaint. This action seeks to establish that the defendant may not exercise his discretion to purchase New York State obligations as trustee of the common retirement fund without first showing that it is a sound exercise of discretion and/or to establish that the defendant may not purchase such obligations as a matter of law. The background of this proceeding is set forth in *Westchester Chapter, Civ. Serv. Employees Assn. v Levitt* (50 AD2d 1105, affd 37 NY2d 519) wherein Special Term's prior denial of a motion for a preliminary injunction was affirmed by this court and the Court of Appeals. Following

the affirmance by the Court of Appeals, the defendant promptly made the disputed purchase. The plaintiffs then served an amended complaint. The defendant moved for summary judgment upon the ground that all of the issues were decided adversely to the plaintiffs as a matter of law in the above cited decisions. The plaintiffs again moved for a preliminary injunction. The plaintiffs have perhaps raised one new argument by contending that the Comptroller's investment of the retirement funds in State obligations impairs the security of the retirement systems in contravention of the nonimpairment clause of section 7 of Article V of the State Constitution. However, as noted by the Court of Appeals in its prior decision in this case (37 NY2d 519) the nonimpairment clause does not affect those aspects of the plans which were in existence at the time the Constitution was amended and at that time the defendant was empowered to invest in "Bonds and notes of this state" (State Finance Law, § 98 [L 1940, ch 593]). The issues raised in this proceeding have already been determined in the prior proceeding herein and by the decision in *Sgaglione v Levitt* (37 NY2d 507). The plaintiffs have failed to show that the defendant has violated any statutory duty or that there is any unconstitutionality involved in his investments in State obligations. Order affirmed, without costs. Koreman, P. J., Kane, Mahoney, Herlihy and Reynolds, JJ., concur.