In the Matter of SARAH R. SEDITA, Petitioner, v COMPTROLLER OF THE STATE OF NEW YORK, Respondent.

Third Department, April 7, 1977

22

*Ainsworth, Sullivan, Tracy & Knauf (B. T. Mangano* of counsel), for petitioner.

*Louis J. Lefkowitz, Attorney-General (John Q. Driscoll* and *Ruth Kessler Toch* of counsel), for respondent.

SWEENEY, J. There is no substantial dispute as to the facts. Frank Sedita, a member of the New York State Employees Retirement System, retired on March 12, 1973 and became a beneficiary under the system. The option selected by him provided that if a member dies before he "received retirement allowance payments equal to the present value of his retirement allowance, as it was at the time of his retirement, the balance thereof shall be paid to his estate or to the beneficiary so designated" (Retirement and Social Security Law, § 90, subd a). On April 18, 1973 he was appointed to be a member of the Crime Victims Compensation Board, a position in the unclassified service. His retirement allowance was suspended effective May 3, 1973. Thereafter he was advised by respondent that he would be required to rejoin the system. He took no affirmative action to accomplish this. Subsequently and on October 18, 1974 respondent informed Mr. Sedita that he had been compelled to enroll him as a member and further notified Sedita of his new registration number and requested a designation of beneficiary. Sedita complied with the latter request. He died on May 2, 1975.

After a hearing respondent determined, based on subdivi-

sion (a) of section 101 of the Retirement and Social Security Law that decedent was an active member and not a retired member of the system as contended by petitioner. Consequently, respondent paid a "death benefit" to petitioner. We note that monetarily the difference between the death benefit and the amount petitioner would have received had her husband been a retired member is substantial. This article 78 proceeding was instituted to review respondent's determination.

The critical question concerns decedent's status with the retirement system at the time of his death. It is petitioner's contention, among other things, that the existing law did not require that decedent rejoin the retirement system and, consequently, respondent had no authority to order his re-entry. Petitioner relies largely on section 40 of the Retirement and Social Security Law.

A resolution of this issue requires an examination and analysis of both sections 40 and 101 to ascertain the intent of the Legislature. Section 40 mandates that certain persons who re-enter State service become members of the retirement system, but paragraph 1 (cl [d]) of subdivision b of that section excepts those in the unclassified service. Paragraphs 2 and 3 of subdivision c outline some of those who may become members and read as follows:

"2. An officer or employee in the service of the state or of a participating employer who would be excluded from membership by the provisions of subdivision e of this section except for the fact that he, nevertheless, may become a member pursuant to a specific provision of law.

"3. Any other person in the service of the state or a participating employer, except as provided in subdivision b or subdivision e of this section."

We are of the view that a fair reading of those pertinent portions of section 40 demonstrates that decedent was not mandated by that section to re-enter the retirement system. It is equally well demonstrated, however, that he was eligible for membership. This being so, we must examine subdivision a of section 101, which provides, in part, as follows: "If a retired member, receiving retirement allowance for other than physical disability, returns to active public service, except as otherwise provided in this section or section two hundred eleven or two hundred twelve of this chapter, and is eligible for membership in the retirement system, he thereupon shall become

a member and his retirement allowance shall cease. In such event, he shall contribute to the retirement system as if he were a new member.

We find no inconsistency between sections 40 and 101 of the Retirement and Social Security Law. Section 101 sets forth an additional category of persons who are required to join the retirement system. The clear language of section 101 mandates, absent certain exemptions, the re-entry into the retirement system of one who returns to active public service and is eligible for membership. Since decedent was eligible for membership pursuant to section 40, and no exemptions applied, respondent, in our view, properly re-enrolled him. It is also significant that decedent attempted but was unable to secure a section 211 exemption and that he was not enrolled as a member until after the expiration of the one-year deferral period.

We also reject petitioner's contention that any reduction in the payments as provided for by the option selected by decedent is unconstitutional as it violates the nonimpairment clause of the State Constitution (NY Const, art V, § 7). When the Constitution was amended to protect the beneficiaries of the public employee retirement system, the existing plan contained a provision similar to section 101 of the Retirement and Social Security Law which also mandated re-enrollment into the retirement system (Civil Service Law, former § 63, subd 3 [in effect in 1940], as added by L 1930, ch 137, § 2). Therefore, the nonimpairment clause was not violated (see *Westchester Chapter Civ. Serv. Employees Assn. v Levitt*, 37 NY2d 519; *Scaglione v Levitt*, 54 AD2d 1001, app dsmd — NY2d — [March 31, 1977]). Furthermore, it was decedent's voluntary re-entry into active service that caused the diminution of his retirement benefits. The determination of the Comptroller must be confirmed.

The determination should be confirmed, and the petition dismissed, without costs.

GREENBLOTT, J. P., KANE, LARKIN and HERLIHY, JJ., concur.

Determination confirmed, and petition dismissed, without costs.