## (January 5, 1966)

■ EDWARD W. SMITH, Appellant, v. NICHOLAS ROBILOTTO, as President of LOCAL 294 OF THE INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN AND HELPERS OF AMERICA, et al., Respondents.— GIBSON, P. J. Appeal from an order of the Supreme Court which denied plaintiff's application for a preliminary injunction restraining the defendant labor union from proceeding with the election of business agents, pending the determination of this action, which is brought (1) to recover damages on account of an allegedly illegal disciplinary proceeding prosecuted against plaintiff and (2) to obtain an adjudication striking from the records of the union the judgment entered in said proceeding and recognizing plaintiff as a member of the union in good standing. Plaintiff was found guilty of violating his oath of loyalty to the union in that, by submitting to imprisonment for a substantial period of time, in connection with certain marital litigation, he voluntarily left his duties as a business agent when it was within his power to continue to discharge them. The punishment imposed by the union authorities included the direction that he be barred from holding any elective office in the union for a period of two years. Plaintiff has made no showing of irreparable injury if, indeed, he has demonstrated the possibility of any injury at all as a result of the denial of his application. (CPLR 6301.) Additionally, and as Special Term found, plaintiff's papers fail to indicate a strong probability of his ultimate success in the action and thus a "clear right" to the relief now sought. (7 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 6301.18.) These grounds, alone sufficient for the denial of the motion, support still another predicate of the decision at Special Term — that, absent a strong showing of ultimate success and of immediate need, the court will not, upon motion papers, grant the same relief as may be obtained in the action upon a plenary trial; or, indeed, as in this case might perhaps have been obtained long since, had the case been added to the calendar and tried a year ago, consistently with the parties' stipulation. The conclusions stated render unnecessary our consideration of the additional contentions advanced. Order affirmed, with $10 costs. Reynolds, Taylor, Aulisi and Hamm, JJ., concur.