DOWNEY, Judge.
Appellee Raymond T. O’Keefe, as Trustee, filed two suits against a general partnership known as S.M.D., and others, to foreclose two mortgages encumbering a tract of land and improvements involved in an apartment complex. Shortly thereafter appellant, General Electric Company, filed two replevin suits to recover possession of several hundred free-standing appliances (refrigerators, ranges and dishwashers) *232 which were located on the premises subject to the above described mortgages. After intervening in the replevin suits appellee obtained from the trial court in each mortgage foreclosure action an injunction without notice prohibiting the removal of any personal property from the mortgaged premises pending a final determination of the foreclosure proceedings.
Appellant has numerous complaints about the entry of the foregoing injunctions. However, we deem it unnecessary to treat all of them since in our opinion appellant should be allowed to proceed with the re-plevin actions.
Appellant alleges m the replevin suits that it is entitled to possession of the personal property in question as a result of a security agreement in said personalty duly filed with the Secretary of State. Apparently it is appellee’s position that its mortgage constitutes a prior lien on the property in question. Instead of proceeding in the replevin suits to determine who is entitled to possession of the personal property in question, appellee obtained an order restraining appellant and all others from removing said property pending the outcome of the mortgage foreclosure suits, and posted therein two injunction bonds in the amount of $7500.00, thus effectively staying the replevin proceedings which involved property worth approximately $72,000.00.
We see no reason why appellant is not entitled to proceed with its statutory remedy to obtain immediate possession of said personal property. If appellee prefers to retain possession of said property pending the outcome of the replevin suits, he has the option to do so by filing a written undertaking in an amount equal to the value of the property, as provided in § 7S.067, F.S.1973. In any event, the issue as to which of these parties is entitled to possession of the personal property in question can be fully adjudicated in that suit.
Accordingly, the orders under review, as they apply to appellant, are reversed and the causes are remanded with directions to amend said orders to eliminate appellant from their application so that appellant and appellee Raymond T. O’Keefe, as Trustee, will be free to proceed to decide the issues involved in the replevin suits.
Reversed.
OWEN, C. J., and WALDEN, J., concur.