384 So.2d 734 (1980)
CONTEMPORARY INTERIORS, INC., Appellant,
v.
FOUR MARKS, INC., Plantation Square, Inc., Pat Wiken and Charles Thomas, D/B/a Wiken-Thomas Interiors, Appellee.
No. 79-1419.
District Court of Appeal of Florida, Fourth District.
June 11, 1980.
*735 Nicholas R. Friedman, Miami, for appellant.
Michael K. Feldman of Nelson & Feldman, P.A., Bay Harbor Islands, for appellee, Four Marks, Inc.
BERANEK, Judge.
This is an interlocutory appeal by defendant, Contemporary Interiors, Inc., from the trial court's grant of plaintiff's request for a temporary injunction. Four Marks' complaint alleged that on April 18, 1978, it entered into a shopping center lease with defendant, Plantation Square, Inc., wherein Plantation agreed that Four Marks, Inc., would be the only flooring sales store in the shopping center. Plantation Square is alleged to have subsequently leased another store in the shopping center to appellant, Contemporary Interiors, Inc. The purpose of this lease was for sale of furniture and accessories and other items related to interior design. Plaintiff alleged this subsequent lease violated the terms of its lease by essentially giving Contemporary Interiors permission to sell flooring, thereby interfering with plaintiff's established property rights. After a hearing the trial court temporarily enjoined Contemporary Interiors from selling any type of flooring, enjoined Plantation Square from entering any leases permitting flooring stores and ordered plaintiff to post a $100 bond. We reverse.
To support the award of a temporary injunction, a party must prove (1) irreparable harm, (2) a clear legal right, (3) an inadequate remedy at law, and (4) considerations of the public interest. State Department of Health and Rehabilitative Services v. Artis, 345 So.2d 1109 (Fla. 4th DCA 1977). Moreover, since a temporary injunction is an extraordinary remedy, it should be granted sparingly and only after the moving party has alleged and proven facts entitling it to relief. Jennings v. Perrine Fish Market, Inc., 360 So.2d 434 (Fla. 3d DCA 1978). Plaintiff's complaint alleges it will suffer irreparable harm because of defendant's interference with its "property rights," but contains no ultimate facts to this effect. This general allegation of irreparable harm is clearly insufficient. Dania Jai Alai Intern., Inc. v. Murua, 375 So.2d 57 (Fla. 4th DCA 1979). Furthermore, although plaintiff introduced evidence *736 at the hearing indicating defendant, Plantation Square, Inc.'s, breach of the contractual provision in question, it presented no evidence regarding its allegation of irreparable harm. We additionally point out that while plaintiff may have a valid cause of action against Plantation Square for breach of contract, nothing in the record supports a clear legal right against plaintiff's co-tenant, Contemporary Interiors, who is the appellant here.
We conclude that the trial court erred in granting the temporary injunction. Same is hereby dissolved and the case remanded to the trial court for further proceedings consistent herewith. Since we reverse the injunction, we need not reach the issue of the sufficiency of the bond.
REVERSED AND REMANDED WITH INSTRUCTIONS.
LETTS, C.J., and MOORE, J., concur.