396 So.2d 830 (1981)
PLAYPEN SOUTH, INC., Appellant,
v.
CITY OF OAKLAND PARK, a Municipal Code Corporation, and H. Layton Mainguy, Theodore H. Best, Florence B. Loss, H. Kenneth Powell, John P. Torok, and William L. Nash, City Councilmen, Individually, Appellees.
No. 80-1659.
District Court of Appeal of Florida, Fourth District.
April 8, 1981.
Nancy Little Hoffmann and Stanley M. Sacks, Fort Lauderdale, for appellant.
Lewis D. Haines, II, City Atty. and Gordon G. Cooper, Asst. City Atty., Fort Lauderdale, for appellees.
DOWNEY, Judge.
Appellant seeks review of a non-final order denying temporary injunctive relief against the enforcement of a City of Oakland Park Ordinance which changes the closing time for all-night or show club establishments from 4:00 a.m. to 2:00 a.m. The appellant contends the implementation of this ordinance will interrupt prime business time and will, therefore, significantly reduce the gross income of its business and cause irreparable injury.
By this action appellant seeks to have the ordinance declared unconstitutional, to prohibit the City from enforcing it and, in the alternative, to compensate the appellant for the inverse condemnation of its property. The three-count complaint alleged, among other things, that the ordinance was effectively taking away a vested property right without due process or equal protection of the law, and that the ordinance was an unreasonable exercise of the police power. The Complaint in this case does not attack the procedures followed in the adoption of the ordinance in question.
In the recent case of Contemporary Interiors, Inc. v. Four Marks, Inc., 384 So.2d 734 (Fla. 4th DCA 1980), this court set forth the four prerequisites which must be demonstrated by the moving party before a temporary injunction will be granted. It is incumbent upon the plaintiff to prove that:
(1) he will suffer irreparable harm unless the status quo is maintained,
*831 (2) he has no adequate remedy at law,
(3) he has a clear legal right to the relief requested,
(4) a temporary injunction will serve the public interest. 384 So.2d at 735.
Our study of the briefs and record convinces us that the appellant did not meet this burden of proof; in particular, it failed to prove a clear legal right to a temporary injunction, or that the public interest would be best served by temporarily enjoining this ordinance.
The electorate of the City of Oakland Park overwhelmingly voted to reduce the hours for the sale of intoxicants from 4:00 a.m. to 2:00 a.m. The ordinance in question, which is presumptively correct, City of Miami v. Kayfetz, 92 So.2d 798 (Fla. 1957); Wiggins v. City of Jacksonville, 311 So.2d 406 (Fla. 1st DCA 1975), states that the city council found and determined that surrounding municipalities require closing at 2:00 a.m.; that, as a result, there is a large influx of people from night clubs in other cities into Oakland Park after 2:00 a.m. This migration of people into Oakland Park at that time of night has caused an increased need "for police protection, traffic patrol and response to general neighborhood disturbances to the detriment of the public health, safety and welfare of the residents of Oakland Park." We thus conclude that to delay the implementation of this ordinance would be in complete derogation of the expressed public will and interest.
With regard to appellant's right to the relief requested, Section 562.14, Florida Statutes (1979), authorizes municipalities to establish hours for establishments dispensing alcoholic beverages. Thus, the Legislature has delegated to the City of Oakland Park the power to designate closing hours for night clubs selling liquor. In addition to the action of the city council's passing this ordinance, the city has the added support of the city electorate's overwhelmingly stating their desire that such action be taken. We conclude that appellant has failed to show that it has a clear legal right to temporary injunctive relief because it has not demonstrated a substantial likelihood of success on the merits. United Sanitation Services, Inc. v. City of Tampa, 302 So.2d 435 (Fla. 2d DCA 1974). See also: Hopkins v. Hamden Board of Education, 29 Conn. Sup. 397, 289 A.2d 914 (C.P. 1971); Smith v. Robilotto, 25 A.D.2d 454, 265 N.Y.S.2d 832 (App.Div. 1966); Armour & Co. v. United American Food Process, Inc., 37 Ill. App.3d 132, 345 N.E.2d 795 (1976).
Therefore, two of the essential elements to entitle appellant to a temporary injunction are missing. Appellant's burden on appeal is to demonstrate that the trial judge abused his discretion in denying the temporary injunction. No such showing is made here.
Accordingly, the order appealed from is affirmed.
AFFIRMED.
ANSTEAD and HERSEY, JJ., concur.