PER CURIAM.
We have been asked to review the trial court’s order which denied appellant’s motion for temporary injunction without a hearing. This is the second time we have considered an order denying a motion by appellant for temporary injunction. In Playpen South, Inc. v. City of Oakland Park, 396 So.2d 830 (Fla. 4th DCA 1981), we affirmed the denial of appellant’s earlier motion. In that opinion we recited the issues appellant raised in its pleadings, which we need not repeat here. Subsequent to our opinion, appellant deposed the mayor of Oakland Park. His testimony is quoted in BMZ Corp. v. City of Oakland Park, 415 So.2d 735 (Fla. 4th DCA 1982). Based on that testimony, appellant amended its complaint by adding a count alleging the invalidity of Ordinance 0-79-29 because of a violation of the sunshine law. It then filed the motion for temporary injunction which occasioned the order now being appealed. The only substantive difference between appellant’s present motion and the previous one was the new allegation of the sunshine law violation. The trial court reviewed the present motion and properly found it warranted neither a hearing nor relief, apparently concluding as we did in BMZ Corp. v. City of Oakland Park, 415 So.2d 735 (Fla. 4th DCA 1982), that the inadequate, sketchy dialogue in the mayor’s deposition did not show a sunshine law .violation.[1]
Accordingly, the order is affirmed.
GLICKSTEIN, HURLEY and DELL, JJ., concur.

. Attached to appellee’s brief is an unlabeled appendix which includes copies of Ordinance No. 0-79-29, Resolution No. R-79-119, which submitted the affirmance or repeal of the ordinance to the electorate, and the Broward County Canvassing Board’s certification that 3,081 voted for and 1,078 voted against the ordinance in the referendum. Our decision in BMZ Corp. discusses the consideration of the ordinance in public meetings held by the City Council, including the public hearing held at one of such meetings, as well as the referendum and the effect thereof.