424 So.2d 957 (1983)
Nestor GONZALEZ, Appellant,
v.
Francoise BENOIT, Appellee.
No. 81-1003.
District Court of Appeal of Florida, Third District.
January 11, 1983.
*958 Legal Services of Greater Miami, Inc. and Carole M. Fruman, Miami, for appellant.
George E. Barket, Richard M. Gale, Miami, for appellee.
Before SCHWARTZ, C.J., and NESBITT, J., and PEARSON, TILLMAN (Ret.) Associate Judge.

ON MOTION FOR CLARIFICATION
NESBITT, Judge.
Gonzalez appeals the order of the circuit court dismissing his complaint for lack of subject matter jurisdiction.
The complaint alleges that in June of 1980 Gonzalez went into possession of a motel apartment owned by the defendant, Benoit. Pursuant to a month-to-month tenancy, Gonzalez agreed to pay $200 per month and Benoit agreed to provide electrical service. On February 10, 1981, Gonzalez tendered, and the defendant accepted, $200 for February 1 through February 28. The complaint further alleges that the landlord terminated electrical power to the tenant's apartment on February 25, 1981. On March 4, it is alleged, the landlord changed the locks at the entrance of plaintiff's apartment, depriving him of access. The tenant brought this action in circuit court seeking: (a) compensatory and punitive damages; (b) possession; and (c) an injunction. The trial court dismissed the case stating that it was a landlord and tenant action which properly belonged in county court. We reverse.
As to the claim for monetary relief, Section 34.011(1), Florida Statutes (1979) provides:
The county court shall have jurisdiction concurrent with the circuit court to consider landlord and tenant cases involving claims in amounts which are within its jurisdictional limitations.
At the time the cause of action accrued, the circuit court had jurisdiction over causes of action where the sum in controversy exceeded $5,000. § 34.01(1)(c) 2, Fla. Stat. (Supp. 1980). The $5,000 demand for compensatory and punitive damages in the present case met the good faith test so as to invoke the jurisdiction of the circuit court.[1]Dade County v. Lambert, 334 So.2d 844 (Fla. 3d DCA 1976).
*959 Plaintiff next alleges that he has a right to be restored to possession. Section 34.011(2), Florida Statutes (1979) provides:
The county court shall have exclusive jurisdiction of proceedings relating to the right of possession of real property and to the forcible or unlawful detention of lands and tenements, except as provided in s. 26.012.
Formerly, the actions for unlawful detainer and forcible entry were adequate remedies to return a tenant to possession and these actions were properly brought in the county court. However, by Chapter 73-330, Section 13, Laws of Florida, as codified in Sections 82.02, 82.04, and 82.081(2), Florida Statutes (1973), these remedies are no longer available to a residential tenant.
We have discovered no cases which discuss the void created by the legislature's withdrawal of the remedies of unlawful detainer and forcible entry. We must conclude that a residential tenant seeking to be restored to possession must file a suit in ejectment, pursuant to Chapter 66, Florida Statutes (1979). Clearly, however, an action in ejectment falls within the jurisdiction of the circuit court. §§ 34.011(2) and 26.012(2)(f), Fla. Stat. (1979). Consequently, the only possessory remedy for a residential tenant lies in circuit court.[2]
Finally, plaintiff claims that he is entitled to an injunction which would bring this cause of action within the jurisdiction of the circuit court, pursuant to Section 26.012(2)(c), Florida Statutes (1979). While we agree that the circuit court has jurisdiction over cases in equity, we find that the plaintiff, under the allegations before us, is not entitled to temporary injunctive relief.
A request for an injunction to prevent a breach of contract is tantamount to a suit for specific performance, Hotel and Restaurant Employees and Bartenders Union v. Boca Raton Club, 73 So.2d 867 (Fla. 1954); Professional Golfers Association of America v. Bankers Life and Casualty Co., 166 So.2d 488 (Fla. 2d DCA 1964), and, as such, the courts are more reluctant to issue injunctions of this type than prohibitory injunctions. To justify the granting of a temporary mandatory injunction, the party seeking relief must allege facts to clearly and unequivocally indicate that: (1) irreparable harm will otherwise result; (2) there is a clear legal right; and (3) the remedy at law is inadequate. Contemporary Interiors, Inc. v. Four Marks, Inc., 384 So.2d 734 (Fla. 4th DCA 1980).
In the present case, the plaintiff has failed to plead sufficient facts from which we can conclude that irreparable injury will result. The conclusory allegations made by the tenant are insufficient. Contemporary Interiors, Inc., supra. Irreparable injury is an injury of such nature that it cannot be redressed in a court of law; an injury for which monetary compensation will not suffice. Professional Golfers Association of America, supra. At first appearance, ejectment seems to be inadequate for a month-to-month tenant because the landlord could terminate the lease before the tenant's action matures to judgment [fifteen days' notice is required. § 83.57(3), Fla. Stat. (1979)]. However, we find that the remedy to be afforded a tenant who is ousted from possession can be no greater than the right he would have enjoyed in the absence of the landlord's breach. While we recognize that there may be a unique case in which irreparable injury would occur, in the vast majority of cases, a tenant evicted from his dwelling can obtain substantially similar housing and then seek redress through the remedies available to him at law. We, therefore, find that ejectment in conjunction with money damages will ordinarily afford the dispossessed tenant an adequate remedy.
We conclude that generally the circuit court has jurisdiction over a properly pled complaint for monetary relief, ejectment, or injunctive relief. In this case, the plaintiff has stated a cause of action for monetary *960 relief but has failed to state a cause of action for temporary injunctive relief.[3] We reverse the order dismissing the complaint for lack of jurisdiction. Because we reverse, the plaintiff should be given the opportunity to properly plead an entitlement to injunctive relief.
Reversed and remanded.
NOTES
[1] Section 83.55, Florida Statutes (1979) provides a basis for compensatory damages. If, at any point during the litigation, it is revealed that the maximum potential liability is below the jurisdictional amount, then appropriate procedural remedies are available to the defendant. Augustine v. Southern Bell Telephone and Telegraph Co., 91 So.2d 320 (Fla. 1956). Since we find the claim for compensatory damages sufficient to invoke jurisdiction, we need not determine if the plaintiff stated a cause of action for punitive damages.
[2] As we stated with respect to the claim for punitive damages, the action for ejectment is not necessary to invoke circuit court jurisdiction. Consequently, we need not presently decide whether the plaintiff stated a cause of action for ejectment.
[3] While our finding, that the tenant failed to state a cause of action for injunctive relief, is unnecessary to the jurisdictional question before us, we reach this issue because of the nature of the remedy sought.