PER CURIAM.
Hunt entered into an agreement to lease the subject premises to Nash. The next day, the parties entered into an agreement for the sale of the same property. Claiming that Nash entered into possession of the premises prior to the time agreed, Hunt filed the instant suit for forcible entry. Nash counterclaimed for specific performance of the land-sale contract. The trial judge properly tried the forcible entry claim prior to the equitable counterclaim and a verdict was entered in favor of Hunt. The trial court subsequently dismissed the counterclaim.
*52 We affirm the jury verdict on the forcible entry claim. In doing so, we necessarily must recede from our pronouncement in Gonzalez v. Benoit, 424 So.2d 957 (Fla. 3d DCA 1983) to the effect that forcible entry is not a remedy for a residential tenancy. While it is clearly true that the remedy of unlawful detainer has been declared inapplicable to residential tenancies, see Sections 82.02, 82.04 and 82.081(2), Florida Statutes (1981), Trawick’s Florida Practice and Procedure § 31-5 (1982), the legislature has not abrogated the remedy of forcible entry.
We also affirm the dismissal of the defendant’s counterclaim for specific performance because the jury determination that the defendant prematurely and forcibly entered into possession demonstrated as a matter of law that defendant breached the written land sale contract.
Affirmed.