PER CURIAM.
Appellant, People’s Telephone Company, seeks reversal of an order denying a motion to dissolve a temporary injunction that ordered appellant to deliver four telephones and twenty-eight telephone box keys to ap-pellee, Sunshine Payphones, Inc., without requiring a sufficient bond to satisfy the requirements of the replevin statute, section 78.01, et seq., Florida Statutes (1985).
Appellant and appellee entered into an agreement whereby appellant agreed to install and service thirty-eight private telephones that would be purchased by appel-lee and delivered to appellant for installation. Appellee delivered the telephones to appellant and appellant began installing and servicing them. Thereafter, a dispute arose between the parties concerning the performance of the contract. On June 16, 1987, appellee filed a complaint seeking damages for breach of contract and for fraud. The complaint also contained counts seeking rescission, replevin and for an accounting. On June 17, 1987, appellee filed a sworn emergency motion for a temporary injunction to compel appellant to return the four telephones and twenty-eight telephone box keys. The trial court granted appellee’s motion on that same day. On June 19, 1987, appellant moved to vacate the injunction and after a hearing the trial court denied appellant’s motion. Appellant contends that the trial court erred in entering the injunctions because appellee failed to demonstrate irreparable harm and the lack of an adequate remedy at law. Appellant also contends that the order granting the injunction amounts to an order of replevin without the requisite replevin bond as required by section 78.-068(3), Florida Statutes (1985).
The record supports appellant’s argument that appellee has an adequate remedy at law, both in damages and by way of replevin for return of the telephones. Re-plevin is an action at law. See Delacruz v. Peninsula State Bank, 221 So.2d 772 (Fla.2d DCA 1969). Section 78.068, Florida Statutes (1985) provides for a prejudgment writ of replevin upon the posting of a bond in the amount of twice the value of the goods. Here the trial court ordered appellant to return the possession of the telephones and keys to appellee upon appellee posting a bond of $1,000, when it appeared undisputed in the record that the telephones had a value of at least $1,400 each.
We do not agree that the trial court erred when it issued an injunction requiring the return of the keys. The return of the keys was not merely a return of personal property. It allowed appellee exclusive access to future, as yet unearned, receipts from the payphones because of allegations that appellant was altering the devices which recorded the receipt of the telephones and was improperly pocketing an undeterminable portion of those receipts.
Accordingly, we reverse the injunction as to the four telephones, without prejudice for appellee to move for replevin in accordance with the requirements of Chapter 78, Florida Statutes (1985).
AFFIRMED IN PART; REVERSED IN PART.
DOWNEY, GLICKSTEIN and DELL, JJ., concur.