FASTRACK APPEAL
GUNTHER, Judge.
We reverse the order granting a temporary injunction which enjoins the city from enforcing the special promotions and grand opening provisions of the City Code sections 47-50.9(n)(l) and (2). In our view, the trial court erred in finding that “balloons” were not encompassed by the term “sign” in the applicable ordinance sections.
City Code sections 47-50.9(n)(l) and (2) provide:
(n) Special promotions.
(1) Upon payment of proper permit fees, special promotions may be conducted for a period of thirty (30) days. Special promotions signs will be permitted in show windows and, for service stations, one (1) eighteen (18) inch by twenty-four (24) inch sign may be affixed to the top of each pump. Special promotions displays shall be limited to one per location per calendar year. (Hereinafter, “Special Promotions Provision”).
(2) Upon payment of proper permit fees, promotions of the “grand opening” type will be permitted at any place of a newly licensed business for a thirty-day period. Signs for such promotion may be securely anchored and may not exceed an aggregate total of five hundred (500) square feet. No whirligigs, streamers or sandwich signs *1116 will be permitted. (Hereinafter, “Grand Opening Provision”).
Fort Lauderdale, Fla., Code, § 47.50.9(n)(l) and (2). Section 47-50.1(1), which is also relevant to the issue in dispute, provides:
All signs in the City of Fort Lauderdale shall be limited to point of purchase sign, business identification sign, and directional sign. No other kind of advertising sign of any type shall be permitted, except as otherwise provided herein. Any sign authorized by Section 47-50, Signs, shall be allowed to contain noncommercial copy in lieu of commercial or other copy.
Fort Lauderdale, Fla., Code § 47-50.1(1). Finally, section 47-40.2(20), defines a “sign” as:
any display of characters, ornamentation, letters, or other display such as, but not limited to, a symbol, logo, picture, or other device used to attract attention, or to identify, or as an advertisement, announcement, or to indicate directions, including the structure or frame used in their display.
Fort Lauderdale, Fla., Code § 47-40.2(20).
In their complaint for declarative and injunctive relief, appellees alleged that the sign code of the city as it pertains to balloons is unconstitutional, has no standard for balloons, and is subject to varying interpretations. Appellees sought a temporary injunction to enjoin the city from enforcing the special promotions and grand opening provisions of the code. The trial court granted the temporary injunction upon finding that “balloons” were not encompassed by the term “sign” as used in the code.
In Playpen South, Inc. v. City of Oakland Park, 396 So.2d 830 (Fla. 4th DCA 1981), this court enunciated the four prerequisites necessary for the granting of a temporary injunction. According to Playpen South, the moving party must prove that “(1) he will suffer irreparable harm unless the status quo is maintained, (2) he has no adequate remedy at law, (3) he has a clear legal right to the relief requested, (4) a temporary injunction will serve the public interest.” Id. at 830, 831. Both parties agree that the four Playpen South criteria are dispositive in resolving the instant issue.
In our view, appellees were not entitled to the issuance of a temporary injunction because they failed to prove that they had a clear legal right to the relief requested. Appellees failed to demonstrate a substantial likelihood of success on the merits. Playpen South, 396 So.2d 830 (Fla. 4th DCA 1981).
At issue in determining the reasonable certainty of success is the interpretation to be given the city’s sign ordinance. The Supreme Court of Florida in City of Miami v. Kayfetz, 92 So.2d 798 (Fla.1957), outlined the standard of review for city ordinances. In Kayfetz, the court wrote:
In construing the validity of the ordinance in question we must: (1) assume that a valid ordinance was intended ... (2) construe the ordinance to be legal, if possible to do so, and strive to so construe it as to give reasonable effect to its provisions.... Further, the courts should be very cautious in declaring a municipal ordinance unreasonable, there being a peculiar propriety in permitting the inhabitants of a City through its proper officials to determine what rules are necessary for their own local government. (citations omitted)
Id. at 801. The court continued that there is a presumption of the ordinance’s reasonableness “unless its unreasonable character appears on its face.” Id. The court ruled that “wide latitude” should be given to the enacting legislative body, as long as “it does not appear that there has been, in action taken, an abuse of authority or a violation of organic or fundamental rights.” Id. Thus, Kayfetz dictates that courts should show extreme deference to the enacting body, limited only by the presence of facial unreasonableness or abuses of authority and fundamental rights.
We agree with the city’s assertion that a balloon which carries commercial or political advertisements is a sign under the definition set forth in section 47-40.2(20). Furthermore, as the city points out, the sign ordinance also provides:
*1117 All signs in the City of Fort Lauderdale shall he limited to point of purchase sign, business identification sign, and directional sign. No other kind of advertising sign of any type shall be permitted, except as otherwise provided herein. Any sign authorized by Section 47-50, Signs, shall be allowed to contain noncommercial copy in lieu of commercial or other copy.
Fort Lauderdale, Fla., Code § 47-50.1(1). Essentially, this provision states that the sign code controls all advertising signs. Since advertising balloons are signs under the ordinance, the sign code controls their use.
Thus, an interpretation that “sign” includes balloons under the code is reasonable and gives reasonable effect to the ordinance. Even though an ordinance’s interpretation is arguable, as in this case, the Supreme Court of Florida indicated in City of Miami v. Kayfetz, 92 So.2d 798, 801 (Fla.1957), that the ordinance is not consequently invalid: “If reasonable argument exists on the question of whether an ordinance is arbitrary or unreasonable, the legislative will must prevail.” Because a logical argument supports appellant’s interpretation, the city council’s will must prevail and its intentions must be given reasonable effect.
Furthermore, we disagree with ap-pellees’ contention that the sign ordinance is unconstitutional because it is facially vague and subject to arbitrary application. The fact that the ordinance does not mention “balloons” does not render the ordinance vague. As previously analyzed, the definition of “sign” is sufficient to include advertising balloons.
Although similar requests for permits were mistakenly issued in the past, the city is at present properly issuing permits under a reasonable interpretation of the city code. See Enderby v. City of Sunrise, 376 So.2d 444, 445 (Fla. 4th DCA 1979) (quoting Miami Shores Village v. Wm. N. Brockway Post, 156 Fla. 673, 24 So.2d 33 (1945)). Appellees correctly point out that “[t]he granting or withholding of a permit to engage in a legitimate business should not depend on the whim or caprice of the permitting authority.” Effie, Inc. v. City of Ocala, 438 So.2d 506, 508 (Fla. 5th DCA 1983), rev. denied, 444 So.2d 416 (Fla. 1984). In the instant case, however, there is no evidence of capriciousness. Though permits were mistakenly issued in the past, the city is at present properly issuing permits under a reasonable interpretation of the code. Like the void-for-vagueness argument, appellees’ arbitrary application argument lacks merit on constitutional grounds.
In conclusion, appellees’ assertions that the inclusion of balloons in the code is an unreasonable interpretation and that the code is unconstitutional fail to overcome the strong presumption of an ordinance’s reasonableness and constitutionality. City of Miami v. Kayfetz, 92 So.2d 798 (Fla. 1957); City of Pompano Beach v. Capalbo, 455 So.2d 468 (Fla. 4th DCA 1984). Because a court is likely to give the code reasonable effect by interpreting the term “sign” to include balloons and by finding the code constitutional, appellees have failed to demonstrate a “substantial likelihood of success on the merits” as this court demanded in Playpen South, Inc. v. City of Oakland Park, 396 So.2d 830, 831 (Fla. 4th DCA 1981). As a result, appellees have failed to demonstrate a clear legal right which “is met by proof to a reasonable certainty” of success on the merits. Zimmerman v. D.C.A. at Welleby, Inc., 505 So.2d 1371, 1373 (Fla. 4th DCA 1987). Therefore, because appellees did not meet the clear legal right requirement, the trial court erred in issuing the temporary injunction.
REVERSED AND REMANDED.
HERSEY, C.J., and LETTS, J., concur.