593 So.2d 1125 (1992)
EMPLOYEE BENEFIT PLANS, INC., and Comprehensive Benefit Services Company, Inc., Appellants,
v.
RADICE CORPORATE CENTER I, INC., Appellee.
No. 91-1881.
District Court of Appeal of Florida, Fourth District.
February 5, 1992.
Rehearing and Clarification Denied March 19, 1992.
Nina Kole Brown and Stanley H. Wakshlag of Akerman, Senterfitt & Eidson, Miami, for appellants.
Kenneth L. Minerley of Rutherford, Minerley & Mulhall, P.A., Boca Raton, for appellee.
DOWNEY, Judge.
This is a non-final appeal of an order denying appellant's motion to dissolve a temporary injunction.
The factual background of the case reflects that appellee, Radice Corporate Center I, Inc., (Radice), the owner of an office building, entered into a lease with Medical Insurance Administrators, Inc., (MIA) for office space for a term of six and one-half years. MIA acts as a third party insurance *1126 administrator of self-funded employee health benefit plans, pursuant to Florida statute. Several years later, MIA entered into an agreement with appellant, Employee Benefit Plans, Inc., (EBP), also a third party insurance administrator and a publicly traded company with offices throughout the nation. EBP agreed with MIA that EBP would begin to administer certain employee health benefit plans that were previously administered by MIA. In furtherance of that agreement, EBP and MIA executed a letter agreement and an agreement entitled "Facilities Access Agreement." The letter agreement provides, among other things, that "EBP is not assuming any of the liabilities or obligations of MIA." The facilities access agreement provides, among other things, that MIA agrees to be in full compliance with all of its obligations under its leases of both property and equipment. In addition, the latter agreement provides that any rent paid by EBP on MIA's account is paid only as agent for MIA, and not upon its own account. After EBP and MIA entered into said agreements, EBP began administering some of the health benefit plans that had previously been administered by MIA.
It appears that EBP never contracted to lease any part of the premises from Radice or to become obligated therefor. Nevertheless, it did make approximately six monthly rental payments to Radice as agent for MIA. During its tenure of the premises, EBP entered into negotiations with Radice relative to its becoming a lessee. At the same time, with Radice's knowledge, EBP was negotiating with other landlords relative to office space and eventually advised Radice that their operation intended to vacate the premises. Whereupon, Radice notified MIA and EBP that there were delinquent charges owing and unpaid. EBP tendered a check, under protest, for said charges, which was rejected. Radice then initiated this proceeding in which it asserted its landlord's lien for unpaid rent as well as a security interest in the property on the premises. It also sought and obtained an ex parte temporary injunction prohibiting EBP from removing any property from the premises with no differentiation between physical property such as furniture and equipment and business files owned by the defendants. On June 3, 1991, EBP tendered a check for $24,402.49 as rent for the premises for the month of June, 1991. Radice accepted the check, but advised by letter of June 5, 1991, that it was accepting it "only for purposes of applying it to the outstanding $1,042,054.94."[1] EBP then filed a motion to dissolve the temporary injunction which, after a hearing, was denied by an order that modified the original temporary injunction by increasing the bond and eliminating all of EBP's business files from the application of the injunction. In other words, the injunction was restricted to the furniture and equipment located in the offices.
EBP contends the denial of its motion to dissolve the temporary injunction was error because Radice did not meet the requirements for a temporary injunction, set forth in numerous cases, such as Playpen South, Inc. v. City of Oakland Park, 396 So.2d 830 (Fla. 4th DCA 1981); Contemporary Interiors, Inc. v. Four Marks, Inc., 384 So.2d 734 (Fla. 4th DCA 1980); and Oxford Int'l Bank & Trust v. Merrill, Lynch, Pierce, Fenner & Smith, Inc., 374 So.2d 54 (Fla. 3d DCA 1979), cert. denied, 383 So.2d 1199 (Fla. 1980). These cases hold that, before one can obtain a temporary injunction, the moving party must show: 1) absence of an adequate remedy at law, 2) that the movant will suffer irreparable harm, 3) a clear legal right to the remedy sought, and finally, 4) a substantial likelihood that the movant will prevail on the merits. Radice, of course, contends that the temporary injunction is proper in that it ordinarily could obtain the temporary relief it seeks through section 83.12, Florida Statutes (1989), were it not for the fact that this court held the statute unconstitutional in Brasseria La Capannina v. Goodman, 579 So.2d 193 (Fla. 4th DCA 1991). Absent that avenue it asserts entitlement to injunctive relief to maintain the status quo.
*1127 We have considered all of the parties' arguments and contentions and conclude that the trial court erred in denying the motion to dissolve the temporary injunction because Radice failed to show the necessary conditions to justify such relief.
Radice filed a complaint in which it sought damages for alleged breach of the contract between MIA and itself, as well as a distress for rent claim and for injunctive relief. In support of its motion for temporary injunction and verification of its complaint, an affidavit was filed describing the factual setting heretofore set forth. It is further stated therein that the lease is in default for nonpayment of delinquent charges and that EBP is about to abandon the premises and move all of the personal property upon which Radice claims a landlord's lien and a security interest. The affiant also states that Radice "fears" that, if said property is removed from the premises, "it may not be traceable and may be secreted so that the landlord may not be able to enforce its lien against the property." Apropos of this allegation, we think it is of interest that Radice had just recently inventoried the property in question and knew the location in Fort Lauderdale to which it was going to be moved.
In its motion to dissolve, EBP alleges that Radice has failed to qualify for a temporary injunction because none of the four requirements therefor are met. Radice has several adequate remedies at law, EBP contends, and no irreparable harm is adequately shown, nor is a substantial likelihood of success demonstrated.
It is apodictic to say that a temporary injunction is an extraordinary remedy and should be granted sparingly. Contemporary Interiors, Inc., 384 So.2d at 734. We pause to mention it, however, because Radice appears to feel some entitlement to injunctive relief simply because it feels that its security position is threatened. Whether that is the case or not, it is not determinative of the issue. The law in this state is clear that, as set forth earlier, a temporary injunction will not issue unless the movant can meet the requirements described above. And we hold that Radice does not do so.
For example, one of the counts in the complaint is for damages for breach of the lease agreement between Radice and MIA. Whether pled or not, that cause of action exists and constitutes an adequate remedy at law regardless of Radice's concerns that a judgment against MIA may, or will, be uncollectible. Collectibility of a judgment has no place in the determination of the adequacy of an action at law in this context. St. Lawrence Company v. Alkow Realty, Inc., 453 So.2d 514 (Fla. 4th DCA 1984); Oxford Int'l Bank & Trust, Ltd., 374 So.2d at 54.
In addition, Radice has other remedies at law that preclude injunctive relief here. It claims a landlord's lien on the subject property pursuant to section 83.08. While the provisions of Chapter 83, Florida Statutes (1991), relating to enforcement of said law by a distress complaint and issuance of a distress writ pursuant to section 83.12 have been held unconstitutional, said lien is subject to a common law foreclosure. Sachs v. Curry-Thomas Hardware, 464 So.2d 597 (Fla. 1st DCA 1985).
The foregoing remedies, i.e., breach of contract, and foreclosure, have been held to constitute adequate remedies at law precluding resort to injunctive relief. People's Telephone Company v. Sunshine Payphones, Inc., 519 So.2d 690 (Fla. 4th DCA 1988); General Electric Company v. O'Keefe, 309 So.2d 231 (Fla. 4th DCA 1975).
We would conclude by pointing out that no adequate showing was made of irreparable harm, as envisioned by the cases, in order to resort to equity for relief. And finally, there appears to be a genuine issue as to Radice's entitlement to recover on the merits which makes questionable the showing of a likelihood that Radice will prevail on the merits.
Accordingly, the order denying EBP's motion to dissolve the temporary injunction is reversed and the cause is remanded with directions to dissolve the injunction.
LETTS and FARMER, JJ., concur.
NOTES
[1] The figure represents the alleged amount due under the entire lease if it is accelerated.