598 So.2d 200 (1992)
COASTAL UNILUBE, INC., Appellant,
v.
Robert E. SMITH, III, Appellee.
No. 91-2984.
District Court of Appeal of Florida, Fourth District.
May 6, 1992.
Rehearing Denied June 10, 1992.
Douglas M. McIntosh and William E. Ford, III, of McIntosh & Craven, P.A., Fort Lauderdale, for appellant.
Robert S. Geiger and Laura C. Morilla, of Levine & Geiger, P.A., Miami, for appellee.
PER CURIAM.
Appellant challenges an order dissolving a temporary injunction. It claims that the trial court erred in finding that the appellant was not substantially likely to succeed on the merits because the underlying contract was void for failure of consideration. We reverse.
Appellee accepted a sales representative position with appellant in 1989. He was informed that the terms of employment were for a salary of $30,000 per year and a company car. Appellee would also be required to take a drug test. Appellee accepted the offer, picked up his company car, and went on appellant's payroll on October 4, 1989.
On October 11, 1989, appellant and appellee entered into an "Agreement Not to Disclose Business Information and Covenant Not to Compete," which provided that for one year following his termination of employment with appellant, appellee would not either directly or indirectly on his account or for the benefit of others, engage in Coastal's business or solicit Coastal's customers within 200 miles of the facility in which appellee maintained an office while working for appellant. He also agreed not to divulge, disclose or communicate any business information obtained as a result of his service with appellant.
On or about July 22, 1991, appellee voluntarily resigned from his position at Coastal to pursue a better opportunity with Radiant Oil Company, appellant's competitor. Appellant moved pursuant to Florida Rule of Civil Procedure 1.610 for a Temporary Injunction seeking to order appellee to comply with the terms of the agreement. The trial court granted the temporary injunction *201 against appellee and entered a written order finding the contract valid and enforceable and finding that there was a substantial likelihood that appellant would succeed on the merits.
Appellee moved to dissolve the temporary injunction. After hearing further evidence the court granted appellee's motion to dissolve noting that injunctive relief was not warranted. Contrary to its prior order, the court expressly found that appellant had not established that it was substantially likely to succeed on the merits of this action, because the underlying contract was void for failure of consideration.
Pursuant to Florida Rule of Civil Procedure 1.610(d) "a party against whom a temporary injunction has been granted may move to dissolve or modify it at any time." A party moving to dissolve bears the burden of such proof. See Orlando Orange Groves Co. v. Hale, 107 Fla. 304, 144 So. 674 (1932). A motion to dissolve an injunction involves the sufficiency of the equities of the complaint to justify the injunction in the first instance; thus, if it appears that the injunction should not have been granted, it should be dissolved. See, e.g., Employee Benefit Plans v. Radice Corp. Ctr., 593 So.2d 1125 (Fla. 4th DCA 1992); Hale, 107 Fla. at 304, 144 So. at 674. A trial court's wide discretion when dissolving a temporary injunction should not be reversed absent an abuse of discretion. See Zuckerman v. Professional Writers, 398 So.2d 870 (Fla. 4th DCA), rev. denied, 411 So.2d 385 (Fla. 1981).
The trial court dissolved the injunction after hearing additional testimony which was not presented at the earlier hearing. At the September 16, 1989, dissolution hearing, appellee testified that he was not presented with the subject agreement or even advised of the requirement of signing it until a week after he began his employment with appellant, which was after he had moved his family to Florida. When he was offered the position with appellant, he was advised of other terms and conditions of employment, but no mention was made of the subject agreement. Similarly, on direct examination by appellee's counsel, a representative of appellant testified that appellee arrived at the Florida office on the evening of October 10, and signed the agreement the next morning. Appellant's representative did not remember whether anyone discussed with appellee the requirement of signing such an agreement.
After this hearing the court dissolved the temporary injunction because it was "satisfied that the underlying contract is void on the basis of failure of consideration." Appellant argues that such ruling was error because in a terminable at will contract of employment,[1] it is well settled that continued employment constitutes adequate consideration to support a covenant not to compete.
In Wright & Seaton, Inc. v. Prescott, 420 So.2d 623 (Fla. 4th DCA 1982), the employee was hired in May 1978 and in May 1979 executed a one year employment agreement which contained a non compete clause and also provided for a salary increase and commission income. The employee resigned before the agreement expired and insisted that the contract was void for lack of consideration and for lack of mutuality obligation. Id. at 625. After disposing of the "mutuality of obligation" issue in the employer's favor, this court noted that "where employment was a continuing contract terminable at the will of either employer or employee, the Florida Courts have held continued employment constitutes adequate consideration to support a contract." Id. at 628, (citing Tasty Box Lunch Co. v. Kennedy, 121 So.2d 52, 54 (Fla. 3d DCA 1960)) (agreement enforceable even though signed three months after employee began working, continued employment and agreement to pay commissions constituted consideration); Criss v. Davis, Presser & LaFaye, 494 So.2d 525 (Fla. 1st DCA), rev. denied, 501 So.2d 1281 *202 (Fla. 1986) (employee received continued employment and salary increase). Moreover, the consideration section of the agreement expressly supports appellant's position wherein it states that:
in exchange for, and in consideration of, the covenants and representations of the Employee as set forth herein, the Company agrees to employ or continue the Employee in its service for an indefinite period, and to provide him or her in exchange for such services with a salary commensurate with his or her position, in addition to such other benefits and perquisites that he or she may be deemed to have earned... .
Thus, the trial court erred by finding that appellant was not substantially likely to succeed on the merits because the contract was void for lack of consideration, and the order dissolving the injunction is reversed. While appellee suggests other grounds on which the trial court might have dissolved the injunction, to affirm on those grounds would require a factual weighing of testimony which is for the trial court to do. Our opinion is without prejudice to appellee's securing further rulings on these issues on remand.
GUNTHER, STONE and WARNER, JJ., concur.
NOTES
[1] Section 5 titled "Compensation" of the subject agreement states that none of the provisions of the contract "shall be deemed or construed to specify a definite term of employment, and that both the Company and the Employee instead retain the right to terminate the agreement relationship existing between them at any time and for any reason."