DOWNEY, JAMES C., Senior Judge.
Appellant seeks reversal of a non-final order granting a temporary injunction prohibiting appellant from violating the non-competition provisions of her employment contract with appellee.
Appellee sued appellant and her present employer to obtain damages and injunc-tive relief alleging that appellant had breached the noncompetition provision of a written contract between appellant and appellee. An evidentiary hearing was held on appellee’s prayer for a temporary injunction. The evidence adduced therein reflects that while there may have been a breach of the noncom-petition provisions of said contract the enforceability of the contract is questionable due to appellee’s minority when the contract was executed. There appears an issue as to whether appellant ratified the contract after reaching her majority, which issue should be resolved at trial of the case.
To be entitled to a temporary injunction the plaintiff must show that she has a clear legal right to the ultimate relief sought. Stiller v. Mariner Cay Property Owners Ass’n., Inc., 513 So.2d 798 (Fla. 4th DCA 1987); Playpen South, Inc. v. City of Oakland Park, 396 So.2d 830 (Fla. 4th DCA 1981); Contemporary Interiors, Inc. v. Four Marks, Inc., 384 So.2d 734 (Fla. 4th DCA 1980). No such showing has been made in this record. Accordingly, we reverse the order appealed from.
DELL, C.J., and GUNTHER, J., concur.