639 So.2d 1088 (1994)
Brent C. MILLER, Charles M. Rand, and Miller and Rand, P.A., Appellants,
v.
JACOBS AND GOODMAN, P.A., Appellee.
No. 93-2068.
District Court of Appeal of Florida, Fifth District.
July 15, 1994.
*1089 John B. Liebman and Lisa Cvetic of O'Neill, Chapin, Marks, Liebman, Popper & Cooper, Orlando, for appellants.
Michael R. Levin and Christopher T. Hill of Rumberger, Kirk & Caldwell, Orlando, for appellee.
DIAMANTIS, Judge.
Brent C. Miller, Charles M. Rand, and Miller and Rand, P.A., appeal a non-final order denying their motion to dissolve a preliminary injunction.[1] We affirm.
The present controversy involves the provisions of an employment contract which appellants, as associates, entered into with the appellee law firm regarding the allocation of fees generated from clients of the law firm who elected to be represented by appellants when they left the law firm. The contract allocated 75% of the fees to appellee and 25% to appellants.
Initially, the trial court, after a contested hearing, entered a preliminary injunction requiring that appellants and appellee be copayees of all the fees and that the fees be deposited in a bank account under joint control. No appeal was taken from this order.
Four months later, appellants moved to dissolve or modify the injunction, and the trial court entered an order which modified, but did not dissolve, the injunction. Appellants did not appeal this decision.
Seven months later, appellants filed a second motion to dissolve or modify the injunction, and the trial court entered an order which again modified the preliminary injunction. This order provided that 25% of the fees would remain subject to joint control and that the remaining 75% of the fees would be divided among the parties, with 18.75% to appellants and 56.25% to appellee. No appeal was taken from this modification order.
Two months later, appellants filed a third motion to dissolve or modify the preliminary injunction. The trial court denied the motion, and this appeal timely followed.
The trial court properly denied appellants' third motion to dissolve or modify the preliminary injunction because all of the matters which appellants raise in their motion either were raised or could have been raised (1) in the contested hearing regarding the request for imposition of the initial preliminary injunction; (2) in the hearings regarding appellants' prior motions to modify or dissolve the injunction; and (3) in a direct appeal from any of these orders. Specifically, the matters which appellants raise in their third motion involve issues of immediate and irreparable injury, adequacy of any remedy at law, and the substantial likelihood of success on the merits which, in turn, involve questions regarding the validity and enforceability of the provisions of the parties' contract. See Darden v. Police & Fire Civil Service Board, 423 So.2d 543 (Fla. 4th DCA 1982). See also Shadow Lakes Woods, Inc. v. Schneider, 414 So.2d 3 (Fla. 5th DCA 1982). Compare Orlando Orange Groves Co. v. Hale, 107 Fla. 304, 144 So. 674 (1932), Employee Benefit Plans, Inc. v. Radice Corporate Center I, Inc., 593 So.2d 1125 (Fla. 4th DCA 1992), and Pinellas County v. Seminole *1090 Lake Country Club Estates Homeowners Ass'n, 555 So.2d 883 (Fla. 2d DCA 1989),[2] each of which allowed a defendant to challenge, in a motion to dissolve a preliminary injunction and on appeal from the denial of the motion, the sufficiency of the pleadings to justify the injunction. In these cases, the preliminary injunction apparently was obtained ex parte or without notice, and the defendant's first opportunity to raise such matters was in the motion to dissolve the injunction.
Accordingly, we affirm the trial court's order without prejudice to the parties to raise, at a final hearing on the merits, any appropriate matter encompassed within the pleadings.
AFFIRMED.
HARRIS, C.J. and GOSHORN, J., concur.
NOTES
[1] Appellate review of this order is authorized by rule 9.130(a)(3)(B) of the Florida Rules of Appellate Procedure.
[2] Appellants' reliance on Coastal Unilube, Inc. v. Smith, 598 So.2d 200 (Fla. 4th DCA 1992), is misplaced because that case involved an appeal from an order dissolving a preliminary injunction and the appellate court, in reversing the trial court's order, considered the evidence received at the original hearing as well as the additional or new testimony presented at the dissolution hearing.