661 So.2d 399 (1995)
Frank X. McCAHILL, Appellant,
v.
BRAISHFIELD ASSOCIATES, INC., etc., Appellee.
No. 95-741.
District Court of Appeal of Florida, Fifth District.
October 13, 1995.
William E. Curphey of Stiles, Taylor & Metzler, P.A., Tampa, for appellant.
Douglas D. Marks, Indialantic, of Potter, McClelland, Marks & Healy, P.A., Melbourne, for appellee.
THOMPSON, Judge.
Frank X. McCahill ("McCahill") appeals the trial court's nonfinal order denying his motion to dissolve a temporary injunction. The injunction was entered in favor of Braishfield Associates, Inc., d/b/a Braishfield of Florida, Inc. ("Braishfield"). We affirm.
Braishfield sought a temporary injunction against McCahill to enjoin him from violating the terms of a noncompete agreement. After conducting an evidentiary hearing, at which both parties presented the testimony of witnesses, as well as other evidence, the trial court entered an order granting the *400 motion for temporary injunction. McCahill did not appeal this order of the trial court.
McCahill later sought to dissolve the temporary injunction. At the hearing on his motion to dissolve, McCahill testified, but he presented no evidence to show a change in conditions which would justify dissolving the injunction, even though he had the burden of proof. Coastal Unilube, Inc. v. Smith, 598 So.2d 200, 201 (Fla. 4th DCA 1992).
We conclude that the trial court properly denied McCahill's motion to dissolve the temporary injunction because the arguments raised by McCahill either were raised or could have been raised in the contested hearing regarding Braishfield's motion for temporary injunction or in a direct appeal from the order granting the motion for temporary injunction. See Miller v. Jacobs & Goodman, P.A., 639 So.2d 1088, 1089 (Fla. 5th DCA 1994); Shadow Lakes Woods, Inc. v. Schneider, 414 So.2d 3, 4 (Fla. 5th DCA 1982). McCahill's motion to dissolve the temporary injunction, as well as his appeal from the trial court's order denying the motion to dissolve, constitute "an improper attempt ... to evade a court order and gain retrial of the issues without a timely motion for new trial or appeal." Shadow Lakes Woods, 414 So.2d at 4.
AFFIRMED.
GOSHORN, J., concurs.
GRIFFIN, J., concurs in result only.