697 So.2d 887 (1997)
Abraham M. MORA, Pamela F. Mora, Paul Moore, and Barbara Moore, Appellants,
v.
Donald KARR, Appellee.
No. 96-3322.
District Court of Appeal of Florida, Fourth District.
June 25, 1997.
Rehearing Denied August 25, 1997.
John D. Boykin of Boose Casey Ciklin Lubitz Martins McBane & O'Connell, West Palm Beach, for appellants.
Stanley Dale Klett of Watterson, Hyland & Klett, P.A., Palm Beach Gardens, for appellee.
KLEIN, Judge.
We withdraw our opinion of March 26, 1997 and substitute the following opinion in *888 its place. We affirm the trial court's denial of appellants' motion for temporary injunction regarding a violation of deed restrictions.
Appellee Karr, desirous of purchasing a residence, tearing it down, and building a larger home with a three car garage and a twenty-five foot setback on Lakeside Drive in North Palm Beach, discovered deed restrictions allowing only a two car garage and requiring a thirty-five foot setback. Prior to purchasing he obtained an agreement from the original developer, as well as the adjacent property owners on either side, the Xaviers and the Moras, waiving the two deed restrictions.
Karr closed and commenced demolition and construction in January 1996. On March 27, 1996 Mr. Mora, a lawyer, wrote Mr. Karr a letter threatening to sue over the violation of the two restrictive covenants which he had previously waived. Karr continued with construction. The Moras filed suit on May 1, 1996 seeking injunctive relief, and obtained a hearing for a temporary injunction on August 27th.
The day before the hearing the Moras moved to amend to add the Moores as additional plaintiffs, which was granted. Mr. Moore, who does not live next door to Karr, testified that he is represented by the same counsel as the Moras, but is not obligated to pay for attorney's fees and has no fee agreement with counsel. Mr. Mora apparently asked the Moores to become plaintiffs because he recognized that his waiver would be a problem in seeking to enforce the deed restrictions.
The trial court denied the temporary injunction after the evidentiary hearing, giving several reasons, which included the waiver given by the developer, the change in conditions in the neighborhood since the imposition of the restrictive covenants, and the fact that there was little likelihood that the appellants would prevail on the merits. The appellants make persuasive arguments as to the developer's waiver and changed conditions, but fail to address two glaring problems which make it unlikely that they will succeed on the merits. See Employee Benefit Plans, Inc. v. Radice Corporate Ctr. I, Inc., 593 So.2d 1125 (Fla. 4th DCA 1992) (a party moving for a temporary injunction must show a clear legal right to the remedies sought and a substantial likelihood that the movant will prevail on the merits).
As to the Moras' claim, the Moras signed a waiver of the very deed restrictions they are now attempting to enforce, and Karr relied on that waiver in purchasing the property, tearing down the existing home, and commencing construction of their new one. See Enegren v. Marathon Country Club Condominium West Ass'n, Inc., 525 So.2d 488 (Fla. 3d DCA 1988). As to the Moores' claim, the fact that they delayed seeking relief until eight or nine months after construction commenced would warrant denial of injunctive relief for violation of restrictive covenants. Mercer v. Keynton, 99 Fla. 914, 127 So. 859 (1930).
We therefore affirm the denial of the temporary injunction.
GLICKSTEIN and WARNER, JJ., concur.